RONALD ELVIS RICKARD *v.* STATE OF INDIANA.

[No. 572A223. Filed February 7, 1973.]

*Stephen C. Haas,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged by affidavit in three counts in the Vanderburgh Circuit Court, with Count One being for Rape, Count Two being Harboring A Child Under The Age of Eighteen (18) Years, and Count Three, Contributing To The Delinquency Of A Minor.

Trial was had by jury, which returned its verdict finding the defendant-appellant guilty of the lesser included offense under Count One, to-wit; assault and battery with intent to commit a felony; guilty on Counts Two and Three as charged.

After pre-sentence investigation was filed the statutory sentence was passed by the court and all sentences were to run concurrently.

The motion to correct errors, together with memorandum attached thereto, was filed and overruled with the pertinent

parts of the motion, omitting the memorandum, being in the words and figures as follows, to-wit:

"1. Uncorrected errors of law occurring and properly raised in the proceedings at trial, to-wit:

Overruling of the defendant's objection to any and all witnesses testifying in this case.

"2. Uncorrected errors of law occurring and properly raised in the proceedings at trial, to-wit:

Overruling the defendant's motion for an order from this court precluding the State from asking any questions concerning any sexual acts occurring prior to September 16, 17, and 18, 1971, in that this testimony would not be material and would be highly prejudicial to the defendant.

"3. Uncorrected errors of law occurring and properly raised in the proceedings at trial, to-wit:

Overruling defendant's Motion for Directed Verdict of Acquittal filed at the close of the evidence."

The facts most favorable to the State are as follows:

The prosecuting witness was, on September 16, 1971, that being the date of the alleged offenses, 13 years of age. While her parents were gone, and she was at their home in Newburgh, Indiana, she went by taxi to Evansville where, pursuant to telephone arrangements, she met the defendant-appellant, who paid the cab fare. She stayed with defendant-appellant on September 16, 17, and 18, and during this period engaged in sexual intercourse with the defendant several times.

The defendant-appellant was 26 years of age and there is evidence that he had been told the age of the prosecuting witness by her half-sister prior to the time he had his first act of sexual intercourse with the prosecuting witness.

The first issue presented and argued by appellant is under specification one of the motion to correct errors and to which his contention is that the court erred in overruling the defendant's objection to any and all witnesses testifying in the case.

He contends that he filed a pre-trial motion which was

sustained by the court and required the State, prior to trial, to give to defendant's counsel the names and addresses of all witnesses the State intended to use and rely upon in the prosecution of the cause. The State did not file a written answer to said pre-trial motion and now it is contended that the court erred in overruling the objection of the defendant-appellant.

To sustain this contention, appellant cites *Bernard* v. *State* (1967), 248 Ind. 688, 230 N.E.2d 536, in which case our Supreme Court held:

> "Discovery may be provided for by statute, court rule or granted by the inherent power of the trial court. . . . While discovery in favor of the accused is not required by the constitutional guarantee of due process, *Cicenia* v. *Lagay*, 357 U.S. 504 (1958), it has been recognized that within the general nature of a trial court is the inherent power to order various types of discovery: discovery of the defendant's confession . . .; prior statements of a prosecuting witness which are inconsistent with his later testimony, . . . [Citations omitted.]"

Defendant-appellant relies further on the case of *Johns* v. *State* (1968), 251 Ind. 172, 240 N.E.2d 60, which holds that the State cannot mislead the defendant to conclude that the State intended to rely only on those witnesses whose names were endorsed on the back of the indictment and that for the State to do so would be a violation of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

However, the facts of the *Johns* case are not applicable to the facts of the case at bar. In the case at bar all names of all witnesses were endorsed on the back of each count of the affidavit except the name of one Lana Gayle Schnell, who was a witness and whose name had been orally given to the defendant-appellant's counsel a week before the trial.

Defendant-appellant having knowledge for one week prior to trial that Lana Gayle Schnell probably would testify

in the case had sufficient opportunity to interview her and determine what her evidence would be.

The case at bar is further distinguishable from the *Johns* case in that in the case at bar there was no surprise to the defendant-appellant and he cannot now be heard to complain. And, further, even though the State of Indiana did not comply strictly with the letter of the ordered discovery, no prejudice could be shown under Rule TR. 61, Harmless Error.

The second issue presented and argued by defendant-appellant is under specification 2 of the motion to correct errors, and is the overruling of defendant's motion for an order from the trial court precluding the State from asking any questions concerning any sexual acts occurring prior to September 16, 17 and 18, 1971; and also the court's refusal to sustain defendant-appellant's objection to a question pertaining to acts of sexual intercourse occurring prior to said dates during the trial for the reason that the testimony would not be material and would be highly prejudicial to the defendant.

Defendant-appellant objected to Lana Gayle Schnell's testifying as to any prior sexual acts occurring prior to September 16, 17 and 18, 1971, for the reason such evidence was prejudicial to the defendant and not material to the issues.

The record discloses that Lana Gayle Schnell did not testify as to any acts of sexual intercourse at any time. She did testify that when she returned to her home where the prosecuting witness was baby sitting for her, the front door was locked and she knocked and rang the bell and it was five minutes before the prosecuting witness opened the door. At that time the prosecuting witness was fully clothed. There was a kitchen and bedroom at the back part of the house but Mrs. Schnell did not know from what room the prosecuting witness appeared and neither did she know from what room an unidentified man emerged, although he was in the home and appeared from the back of the house. She could not

identify this man she saw that evening as being the defendant-appellant.

Defendant-appellant cannot maintain under the evidence adduced by Lana Gayle Schnell that she testified as to any acts of intercourse and therefore defendant could not have been prejudiced by her having testified.

There was evidence that came from the witness stand from the lips of the prosecuting witness in response to a question, to which defendant-appellant did not object, that on the night she was baby sitting that the defendant-appelalnt was in Mrs. Schnell's home and she did have sexual intercourse with him.

The third issue presented and argued by defendant-appellant is under specification 3 of the motion to correct errors, and is the court's overruling defendant-appellant's motion for a directed verdict of acquittal at the close of the State's evidence and also overruling defendant-appellant's motion for a directed verdict at the close of all the evidence.

We shall group these two motions and treat them as one. Rule AP. 8.3(A) (7).

Defendant-appellant contends that there was a total lack of evidence under the charge of harboring a child under the age of eighteen years for the reason that the evidence disclosed that the prosecuting witness was living with her natural mother and stepfather and there is a total lack of evidence that the natural father did not give her permission to be away from home on the dates charged and that she may have had the natural father's consent and defendant could not be found guilty of harboring a child.

The evidence is that the prosecuting witness was making her home with the natural mother and stepfather, who did not give her permission to leave the home during said time and, therefore, the argument proferred concerning her natural father is nebulous.

Defendant-appellant further contends that there was no

evidence of "harboring" by the defendant. Webster's Third New International Dictionary, Unabridged, 1966, defines "harbors" as follows: ". . . to give shelter or refuge; take in . . ."

To support this contention he cites the case of *Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606, which we have carefully read and find is not in point.

Under the evidence most favorable to the State, the jury was justified in finding the defendant-appellant guilty beyond a reasonable doubt of harboring the prosecuting witness as charged. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888.

Defendant-appellant next contends that inasmuch as the prosecuting witness was taken to a doctor by her mother, the doctor should have been called to testify as a medical expert. He further contends a psychiatric examination of witnesses in sex cases should be had to determine their credibility as witnesses.

To support this contention he cites *Burton* v. *State* (1953), 232 Ind. 246, 111 N.E.2d 892.

*Burton* v. *State* has been superseded by the case of *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N.E.2d 649, in which our Supreme Court said:

> "There is no statute in Indiana making provision for a psychiatric examination of a prosecuting witness in any case. [Cases cited omitted].
>
> "The question of stability and mental condition of the prosecuting witness herein concerned her competency and was a matter for the court to determine. [Cases cited omitted.]
>
> "The prosecuting witness was 17 years of age at the time of the trial and it is readily apparent that she was a competent witness under the statute, and her credibility was a question for the jury. [Cases cited omitted.]"

*Wedmore* has been followed by the later case of *Bryant* v. *State* (1971), 256 Ind. 587, 271 N.E.2d 127, where our Supreme Court said:

"The appellant next claims the trial court erred in not requiring that the prosecuting witness undergo a psychiatric examination even though none was requested by the appellant. This Court has previously held that it was not necessary for a trial court on its own motion to order a psychiatric examination of a prosecuting witness and that such failure was not reversible error. *DeBruler* v. *State* (1965), 247 Ind. 1, 210 N.E.2d 666, 6 Ind. Dec. 559."

See, also, *Allen* v. *State* (1972), 152 Ind. App. 284, 283 N.E.2d 557.

We, therefore, hold there was no error in the court's not ordering a psychiatric examination of the witness.

Finding no error, the trial court is affirmed.

Robertson, P.J. and Lybrook, J., concur.