DANIEL DAVID SCALES *v.* STATE OF INDIANA.

[No. 2-1073A228. Filed September 3, 1975. Rehearing denied October 24, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Eugene C. Hollander,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

STATON, P.J.—Scales was tried by the court and found guilty of assault and battery with intent to gratify sexual desires. He was sentenced to a term of not less than two nor more than twenty-one years in the Indiana State Prison. On appeal, he raises the following issues:

Issue One:  Sufficiency of the Evidence.

Issue Two:  Error in allowing the prosecuting witness to testify.

We affirm the judgment of the trial court.

I.

Sufficiency of the Evidence

In considering the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of the witnesses. We will consider only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom. As long as there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt, the conviction will be affirmed. *Johnson* v. *State* (1972), 257 Ind. 634, 277 N.E.2d 791; *Shultz* v. *State* (1973), 155 Ind. App. 142, 291 N.E.2d 712.

On August 4, 1969, Theresa Swain was babysitting with the seven year old prosecutrix and the prosecutrix' three younger sisters. She observed that the prosecutrix was having difficulty walking, and also the girl said that she was sick. Theresa called her mother who came over and examined the girl. Mrs. Swain noticed that the prosecutrix' genital area was red, bruised and swollen. She gave the girl a bath and took her to see a doctor. Dr. Alvin Bridges testified that he examined the prosecutrix on the morning of August 4, 1969 and discovered that her thigh muscles were sore and tender. While the vaginal area did not disclose any distinct discoloration, swelling or tearing, he could not rule out the possibility of subcutaneous bruising. A laboratory test for the presence of sperm was negative.

The prosecutrix' mother was in the hospital and had left her children in Scales' care. Scales had been living with the mother and the four girls for approximately nine months. The prosecutrix testified that after she went to bed on August 3, 1969, Scales came into the bedroom she shared with her sisters and carried her into her mother's room. The prosecutrix testified that Scales laid her on the bed, removed her pajamas and panties and placed both his hand and penis on her genital area. He then carried her back to her bedroom.

To sustain Scales' conviction for assault and battery with intent to gratify sexual desires under IC 1971, 35-1-54-4; Ind. Ann. Stat. § 10-403 (Burns Supp. 1974), the evidence must prove beyond a reasonable doubt both the overt act of touching and the specific intent at the time of the touching to gratify sexual desires.[1] *Markiton*

---

1. IC 1971, 35-1-54-4, Ind. Ann. Stat. § 10-403 (Burns Supp. 1974) provides:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or caresses the body or any part thereof of

v. *State* (1957), 236 Ind. 232, 139 N.E.2d 440. Scales contends that there is insufficient evidence of both the touching and the intent. However, the testimony of the prosecuting witness in this case is sufficient to establish both the overt act and the accompanying specific intent to gratify sexual desires. It is the law in Indiana that a conviction for assault and battery with intent to gratify sexual desires may be sustained on the uncorroborated testimony of the prosecuting witness, even when the prosecuting witness is a minor. *Shultz* v. *State*, *supra*; *Tapp* v. *State* (1971), 256 Ind. 422, 269 N.E.2d 367. Additionally, the prosecutrix' testimony in this case is not uncorroborated. Both Mrs. Swain's and Dr. Bridges' testimony concerning the prosecutrix' physical condition are corroborative. Scales is asking this Court to weigh the evidence and the credibility of the witnesses. This we may not do. *Simmons* v. *State* (1975), 163 Ind. App. 437, 324 N.E.2d 513. There was sufficient evidence to support Scales' conviction.

## II.

### Testimony of the Prosecutrix

Scales objected at trial to the testimony of the prosecutrix on the ground that she was incompetent to testify because of her age. At the time of trial, the prosecutrix was eight years old. IC 1971, 34-1-14-5 (Burns Code Ed.) provides:

"The following persons shall not be competent witnesses:

\* \* \*

Second. Children under ten [10] years of age, unless it appears that they understand the nature and obligation of an oath."

---

such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years."

The determination of whether a child under the age of ten understands the nature and obligation of an oath is within the discretion of the trial judge, who has the opportunity to observe the general maturity and demeanor of the child. This Court will not reverse the trial judge's determination that the child is competent to testify unless there is a showing of manifest abuse of that discretion. *Martin* v. *State* (1969), 251 Ind. 587, 244 N.E.2d 100; *Morgan* v. *State* (1962), 243 Ind. 315, 185 N.E.2d 15; *Shipman* v. *State* (1962), 243 Ind. 245, 183 N.E.2d 823. In the case at bar, the trial judge questioned the prosecutrix as follows:

"JUDGE: Do you know the difference between telling the truth and not telling the truth:

"A. Yes.

JUDGE: You understand you have to tell the truth. Do you understand this?

"A. Yes.

JUDGE: We wouldn't want anybody to not tell the truth, would we?

"A. No."

Scales contends on appeal that the trial judge's *voir dire* of the prosecutrix was inadequate to permit a determination that she understood the nature and obligation of an oath. As the Supreme Court of Indiana pointed out in *Martin* v. *State, supra,* there is no requirement that the *voir dire* examination follow any prescribed form. In this case, as in *Martin, supra,* the questions asked the child establish that she understood the difference between telling the truth and telling a lie and that she understood that she was under some compulsion to tell the truth. The trial judge did not abuse his discretion in finding the prosecutrix competent to testify.

Additionally, Scales asserts on appeal that the trial court should have ordered *sua sponte* a psychiatric examination of the prosecutrix. There is no requirement that the prosecutrix in a sex offense case be required to be examined by a psychiatrist before testifying. *See*

*Wedmore* v. *State* (1957), 237 Ind. 212, 143 N.E.2d 649. The trial court may, in its discretion, order a psychiatric examination of the prosecuting witness if requested by the defendant. *Easterday* v. *State* (1970), 254 Ind. 13, 256 N.E.2d 901. However, the trial court is under no obligation to order such an examination upon its own motion, and its failure to do so is not reversible error. *Bryant* v. *State* (1971), 256 Ind. 587, 271 N.E.2d 127; *Rickard* v. *State* (1973), 155 Ind. App. 189, 291 N.E.2d 916.[2]

Scales' final contention of error regarding the testimony of the prosecutrix is that the trial court abused its discretion in permitting her to testify after there had been a violation of a separation-of-the-witnesses order. Prior to trial, Scales moved for a separation of witnesses and this request was granted by the trial court. During a recess prior to the prosecutrix' testimony, she and her mother, both witnesses at the trial, met in the hall outside the courtroom and had a conversation. Scales requested an opportunity to interrogate the prosecutrix concerning the violation of the separation order. This request was granted, and Scales counsel questioned the prosecutrix as follows:

"Q. Your Name is . . .
"A. Yes.
"Q. And your mother is sitting there, isn't she?
"A. Yes.
"Q. You have been out in the hall where the coca cola machine is during recess. Is that right?

2. Much has been written by the Supreme Court of Indiana on the benefit of psychiatric examinations of prosecuting witnesses in sex offense cases when the conviction is based solely on the uncorroborated testimony of the prosecuting witness. *Burton* v. *State* (1953), 232 Ind. 246, 111 N.E.2d 892; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N.E.2d 649 (dissenting opinion); *Bryant* v. *State* (1971), 256 Ind. 587, 271 N.E.2d 127 (dissenting opinion); *Easterday* v. *State* (1970), 254 Ind. 13, 256 N.E.2d 901. The danger of placing reliance upon uncorroborated testimony, especially when the prosecuting witness is a child, is readily apparent. Although the Supreme Court of Indiana does not require the trial court to require a psychiatric examination upon its own motion, it is possible that the uncorroborated testimony of the prosecutrix may be so questionable on its face as to require reversal by this Court on the ground of insufficient evidence. *See, Bryant* y. *State* (1971), 256 Ind. 587, 271 N.E.2d 127 (dissenting opinion).

"A. Yes.

"Q. Did you talk to your mother out there?

"A. Yes.

"Q. Did she tell you anything about what to say up here?

"A. No.

"Q. You tell the Judge and me and Mr. Lawler there what your Mother told you to say, if she told you to say anything.

"A. She told me to tell the truth and not to tell a story.

"Q. What else did she tell you?

"A. That's all. She told me not to be scared."

After this questioning, Scales did not object to the prosecutrix' testimony. Objections to testimony not presented to the trial court are not available as reversible error on appeal. *Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540; *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798. Even if Scales had timely objected to the prosecutrix' testimony on this ground, there had been no showing of reversible error. When there has been a violation of a separation order, it is within the trial court's discretion to permit the witness to testify. *Hewitt* v. *State* (1973), 261 Ind. 71, 300 N.E.2d 94; *Myslinski* v. *State* (1971), 257 Ind. 453, 275 N.E.2d 544. Scales' *voir dire* of the prosecutrix disclosed that the only conversation between the prosecutrix and her mother was not prejudicial to Scales. There would have been no abuse of discretion in permitting the prosecutrix to testify if Scales had objected to the prosecutrix' testimony.

The judgment of the trial court should be and hereby is affirmed.

Garrard, J., and Hoffman, J., concur.

NOTE.—Reported at 333 N.E.2d 814.