TERRY PERRY v. STATE OF INDIANA

[No. 1-478A93. Filed August 22, 1978.]

*B. William Keithley*, of Indianapolis, *Yvonne F. Watkins*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Robert J. Black*, Deputy Attorney General, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J. — Defendant-appellant Terry Perry appeals after a jury found him guilty of four counts of attempted forgery,[1] four counts of attempted possession of a controlled substance,[2] and one count of being an habitual offender.[3]

## FACTS

Terry Perry provided a forged prescription and persuaded Deanna Parker and Suella Douglas to present the prescription at various pharmacies. Deanna Parker unsuccessfully attempted to have the prescription filled at Baxter's Drugstore in Covington, at Hook's Drugstore in Covington, and at Baxter's Drugstore in Veedersburg. Police arrested Suella Douglas when she presented the prescription at the Hook's Drugstore in Attica.

---

1. IC 1971, 35-41-5-1 (Burns Supp. 1977) and IC 1971, 35-43-5-2 (Burns Supp. 1977).

2. IC 1971, 35-41-5-1 (Burns Supp. 1977) and IC 1971, 35-48-4-7 (Burns Supp. 1977).

3. IC 1971, 35-50-2-8 (Burns Supp. 1977).

A jury found Terry Perry guilty of four counts of attempted forgery, four counts of attempted possession of a controlled substance, and one count of being an habitual offender.[4] The trial court imposed consecutive sentences which total fifty-eight years.

Terry Perry elects on appeal to rely upon only one of the twelve specifications of error contained in his motion to correct errors. That specification reads as follows:

"12. The determination by the Court that sentence for all eight (8) counts charged were required to be served consecutively is an improper interpretation of IC 35-50-1-2. Insofar as the eight (8) counts charged herein constitute one (1) transaction, the Judge would have had discretion to cause all sentences for all of said transactions to be served concurrently, all of which should be consecutive to the sentence, if any, remaining to be served on the charge for which the defendant was at the time these offenses were committed, on parole. Insofar as this case involved one continuing transaction on the date of October 29, 1977, for the purpose of consecutive and concurrent terms, it should be treated as one (1) crime and the various sentences for the various counts of that crime should be served concurrently. . . ."

## ISSUE

Terry Perry frames the following issue for exploration:

"Can a court constitutionally impose upon a convicted defendant that he serve consecutive terms of imprisonment upon being found guilty of eight counts in a single Information where each such count identifies a single spacial or temporal unit in a single criminal enterprise?"

## CONTENTIONS

Terry Perry contends that the four counts of attempted forgery and four counts of attempted possession of a controlled substance are all based upon a single criminal intent to obtain a controlled substance by use of a forged prescription. He argues that the singular criminal intent is proved by two facts: only one forged prescription form was used;

---

4. Perry raises no issue concerning his conviction or sentencing on the habitual offender charge. Accordingly, in the balance of this opinion we disregard that portion of the trial court proceedings.

any pharmacist who might have filled the prescription would have retained the prescription form and made it impossible to have the prescription filled four times. Perry insists that the multiple convictions based upon a singular criminal transaction violate his constitutional right to be free from double jeopardy.

The State answers Perry's argument by insisting that the convictions are based upon deeds independently identifiable; therefore, no double jeopardy problem exists.

## DISCUSSION AND DECISION

IC 1971, 35-48-4-7 (Burns Supp. 1977) provides:

"A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance classified in schedule I, II, III, IV, or V, except marijuana or hashish, commits possession of a controlled substance, a class D felony."

IC 1971, 35-41-5-1 (Burns Supp. 1977) provides:

"(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony.

(b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted."

The first statute set forth above implements a policy decision that persons should not have possession of certain controlled substances unless a practitioner deems it necessary for a particular person to have access to the particular controlled substance.

The second statute set forth above implements a policy decision that the failure to accomplish a crime does not necessarily dictate that conduct should go unpunished when the conduct evinces an intent to commit a crime; by punishing the attempt, the criminal law serves as a tool of deterrence.

The evidence shows that Perry had the intent to obtain possession

of a controlled substance by use of a forged prescription. Deanna Parker and Suella Douglas visited four different drugstores in Perry's behalf in an effort to execute the deed intended. To approve four convictions for attempted possession of a controlled substance, based upon this set of facts, would not promote the policies represented by the relevant statutes. One conviction punishes Perry for his criminal intent and the subsequent efforts to fulfill that intent. The three additional convictions only punish Perry for persistence; our criminal code does not make persistence a criminal act *per se.*

We emphasize that our statements herein must be read with due regard for the specific facts. This case does not involve an impossibility unknown to Perry, such as paragraph (b) of IC 1971, 35-41-5-1, *supra*, addresses. This case does not involve an act which could have been repeated without forming an additional criminal intent.[5] Perry had only one prescription; if the prescription had been filled, the pharmacist would have retained the form. We hold that the evidence supports only one conviction for attempted possession of a controlled substance.

IC 1971, 35-43-5-2 (Burns Supp. 1977) provides:

"A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made:

(1)   By another person;

(2)   At another time;

(3)   With different provisions; or

(4)   By authority of one who did not give authority; commits forgery, a class C felony."

IC 1971, 35-41-1-2 (Burns Supp. 1977) defines "utter": "to issue, authenticate, transfer, publish, deliver, sell, transmit, present, or use."

---

5.   If a person took a forged check to four different banks and attempted unsuccessfully at each bank to have the check cashed, those facts would be comparable to the facts of the case at bar since a bank that cashed the check would retain the check. If a person visited four different banks and unsuccessfully tried to rob each bank, those facts would not be comparable to the facts of the case at bar since such a person could have taken money from each bank.

The evidence warrants a finding that Deanna Parker and Suella Douglas, acting on behalf of Terry Perry, did present the forged prescription to pharmacists at four different drugstores. In presenting the forged instrument, they committed forgery attributable to Terry Perry pursuant to IC 1971, 35-41-2-4 (Burns Supp. 1977).

Perry has raised no issue concerning the propriety of his convictions for attempted forgery when the State proved that his attempts were successful.[6] We affirm the four convictions for attempted forgery.[7]

IC 1971, 35-50-1-2 (Burns Supp. 1977) provides:

(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

---

6. We note that the information identified the forgery statute upon which the attempt charges were based. Perry suffers the same penalty for conviction of attempted forgery that he would suffer for conviction of forgery.

In R. PERKINS, CRIMINAL LAW (2d ed. 1969), pp. 552-553, 557, appear the following comments:

"Much of the discussion of many of the definitions point to failure as of the very essence of a criminal attempt, but there is no factual background for such an approach. In the area of wrongdoing, as in the realm of lawabiding conduct, some attempts fail while many others are successful. Furthermore, nothing in the philosophy of juridical science requires that an attempt must fail in order to receive recognition. . . .

\* \* \*

Much will be gained by complete abandonment of any thought of failure as an element of a criminal attempt. Much will be gained by a clear recognition of the fact that a criminal attempt is not something separate and distinct, but merely a part of the offense attempted. It is punishable but this is on the theory that it is such a large segment of the crime as to call for a penalty. Under the sound view an attempt to commit a crime is punishable whether the effort resulted in failure or success, although the charge and the conviction should normally be for the offense itself if evidence of consummation is clear. . . ." (Footnote omitted)

IC 1971, 35-41-5-1 (Burns Supp. 1977) does not make failure an element of criminal attempt. We know of no prejudice accruing to a defendant who is convicted of attempt when evidence proves his attempt was successful.

7. In his brief Perry assumes that the two counts (one for attempted forgery and one for attempted possession of a controlled substance) resulting from the visit to each drugstore must stand or fall together. We disagree. Perry attempted to utter a forged instrument at four different drugstores. Perry does not suffer double jeopardy when he is tried and convicted for each of those criminal activities. Perry relies upon cases involving continuous offenses. Perry's convictions for attempted forgery are based upon isolated acts.

(b) If a person commits a crime:

(1) After having been arrested for another crime; and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

The trial court's view of its obligations in sentencing Perry is shown in the order book entry:

"... Sentencing hearing is now conducted and *the Court* after hearing argument *does now find that the Court must order the sentences on the 8 charges pending consecutively, since the State of Indiana has proven that the defendant was on parole at the time of commission of these offenses.* There being no mitigating or aggravating circumstances presented at the sentencing hearing upon the findings of the Jury, the Court does now sentence the defendant on each of the 4 charges of attempted forgery to the Indiana Department of Corrections for 5 years; said 5 year sentences are to run consecutively. Further, the Court, upon the findings of the Jury does now sentence defendant on each of the 4 charges of attempted possession of a controlled substance to the Indiana Department of Corrections for a period of 2 years and orders each of these 2 year sentences to run consecutively. Further the Court orders all 8 of these sentences here imposed to run consecutively with each other and with any former or subsequent sentences. And now upon the finding of the Jury that the defendant is a habitual offender the Court orders him confined to the Indiana Department of Corrections for a period of 30 years and orders this sentence to be served consecutively with the other sentences herein imposed." (Our emphasis)

In this appeal Perry challenges only the trial court's sentencing for the attempt convictions and does not challenge the sentencing for the habitual offender conviction. The order book entry strongly suggests that the trial court felt obligated to impose consecutive sentences. We do not agree with that construction of the statute. We hold that the trial court retained discretionary power to determine whether Perry should serve the additional sentences consecutively or concurrently. The statute only dictates that the eight additional sentences, which we have reduced to five, must be served consecutively to the former sentence from which he was on parole.

We affirm four convictions for attempted forgery, one conviction for attempted possession of a controlled substance, and the conviction for being an habitual offender. We reverse the three remaining convictions for attempted possession of a controlled substance. We remand this cause to the trial court with instructions to determine whether the sentences for the five convictions for attempt which we have affirmed on appeal should be served concurrently or consecutively.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 379 N.E.2d 531.