DONALD E. BUTTRAM *v.* STATE OF INDIANA.

[No. 1178S261. Filed November 16, 1978.]

*James D. Lopp, Sr., James D. Lopp, Jr., Glenn A. Grampp,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by indictment with assault and battery with intent to gratify sexual desires pursuant to IC § 35-1-54-4 [Burns 1975]. The jury found appellant guilty of assault. He was sentenced to serve six months on the Indiana State Farm and was fined $500 and costs. The Indiana Court of Appeals, in an unpublished opinion rendered on May 16, 1978, reversed the appellant's conviction and remanded his cause for a new trial. Upon petition by the State and for the reasons stated herein, we grant transfer and reinstate the appellant's conviction.

The record shows the appellant picked up the five-year-old prosecuting witness from his babysitter's home on the evening of October 27, 1976. The child was taken to the appellant's home where he was to spend the night. The boy testified that during the night the appellant committed fellatio upon him. The appellant denied this act.

The Court of Appeals found the evidence insufficient to support a conviction for assault. It stated in part:

"While the evidence is sufficient to sustain a conviction of assault and battery with intent to gratify sexual desires or simple assault and battery under IC 1971, 35-1-54-4, (Burns Code Ed.) the crime of assault does not have the same requirements.

"An assault requires an attempt to commit a violent injury on the person of another by one having the present ability to commit such violent injury. IC 1971, 35-13-4-7, *supra.* The record does not reveal evidence of physical injury or corporal violence to the youth; the child, it appears, is unaware of the perverse nature of the act, was unafraid, and still considers Buttram to be his friend. Although assault may be a lesser included offense to the crimes of assault and battery with intent to gratify sexual desires and/or simple assault and battery, under the facts of this case, the trial court erred in instructing the jury on the crime of assault."

The State argues that assault is a lesser included offense to assault and battery or assault and battery with intent to

gratify sexual desires. The State maintains that by finding sufficient evidence to support the greater offense, the Court of Appeals should have found the evidence sufficient to sustain a conviction for assault. With this contention we must agree.

An includable offense is one which is necessarily committed in the commission of the offense charged. *Young* v. *State,* (1967) 249 Ind. 286, 231 N.E.2d 797. Assault has traditionally been held to be a lesser included offense of assault and battery. *Allison* v. *State,* (1973) 157 Ind. App. 277, 299 N.E.2d 618. This is true even though the elements of assault are phrased somewhat differently than those of assault and battery with intent to gratify sexual desires. See *Allison* v. *State, supra.*

The Court of Appeals determined that a lack of violence and the child's inability to appreciate the nature of the sex act negated a finding on the element of assault which requires an attempt to "commit a violent injury." It should be noted however that force, consent and knowledge of the perverse nature of the act are not generally germane to the charge of assault in sex offenses in which a child is the victim. *Hamilton* v. *State,* (1957) 237 Ind. 298, 145 N.E.2d 391. This rule recognizes that a child will often not have the capacity to resist since he will trust the direction of an adult without question. Further, a violent injury need not always be physical in nature. The mental and emotional scars which accompany exposure to such activity may be more severe than physical injury. We hold this record contains sufficient evidence to support the jury's verdict of guilty on the lesser offense of assault.

We further hold that the Court of Appeals erred in finding that the trial court had improperly instructed the jury on the crime of assault. First, the appellant failed to object at trial to the giving of that instruction. He has therefore waived the issue on appeal. Indiana

Rules of Criminal Procedure 8 (b) ; *Thomas* v. *State*, (1976) 264 Ind. 581, 348 N.E.2d 4. Second, the instruction acted only to the advantage of the appellant since it informed the jury that a lesser verdict could be returned. Finally, the instruction properly stated the law in this jurisdiction.

The appellant alleges that the trial court erroneously denied his motion to dismiss the indictment. He based his motion to dismiss upon the language of the indictment, which stated in part: "Buttram on or about the 27th of October A.D. 1976 at said County did unlawfully and feloniously *do on* [prosecuting witness], a child under the age of twelve (12) years. . . ." [emphasis added.] He argues that the reference to "do on" was vague and failed to give adequate notice of the crime charged. This clause of the indictment should however be read in light of the last clause of the indictment, which stated: "[t]he said Donald E. Buttram did fondle and caress the body of said [prosecuting witness] with the intent to gratify the sexual desires. . . ." Clearly these clauses taken together are sufficient to inform the appellant of the crime for which he was charged.

Appellant also claims the trial court erred in overruling his objection to the State's motion to amend the indictment to substitute the words "do on" with the words "touch one." An indictment may be amended for defects which do not prejudice the substantial rights of the appellant. IC § 35-3.1-1-5 (a) (9) (Burns Supp. 1978). The appellant has demonstrated no prejudice to his cause. The amendment did not change any theory of the prosecution as originally stated or the identity of the crime charged. It did not attempt to cure a failure to charge or state a crime. IC § 35-3.1-1-5 (e) (Burns Supp. 1978) ; *State ex rel. Kaufman* v. *Gould,* (1951) 229 Ind. 288, 98 N.E.2d 184. The trial court therefore committed no error in allowing the State's motion to amend.

The appellant also alleges error in the trial court's refusal to instruct the jury pursuant to appellant's tendered instruc-

tions numbered 2, 4, 5, 6, 7 and 10. The instruction of the jury is largely within the discretion of the trial court and will be reviewed only for abuse of that discretion. *Hackett* v. *State,* (1977), 266 Ind. 103, 360 N.E.2d 1000. Appellant's tendered instructions numbered 2, 5 and 10, dealt with the issue of reasonable doubt. The trial court instructed the jury on the question of reasonable doubt in its instructions numbered 2, 4 and 8. There is no error in a court's refusal to give instructions, the substance of which is covered by other instructions. *Lewis* v. *State,* (1976) 264 Ind. 288, 342 N.E.2d 859.

Appellant's tendered instructions numbered 4, 6 and 7, instructed the jury to use caution when judging the credibility of a minor witness. We have held that instructions dealing with the credibility of witnesses should not be so worded as to single out the testimony of any specific witness. *McDonough* v. *State,* (1961) 242 Ind. 376, 175 N.E.2d 418. Furthermore, the court's instruction numbered 3 adequately advised the jury of its responsibility when judging the credibility of witnesses. The trial court did not err in rejecting appellant's tendered instructions.

Appellant next contends the trial court erred in overruling his objections to the testimony of three State witnesses who testified that the victim had informed them that the appellant had committed the act in question. Appellant maintains that this testimony was hearsay and inadmissible because the appellant had not been present when the statements were made and because the statements were given at least one day after the act and were not part of either the *res gestae* or a spontaneous utterance. We have held that statements made out of court are not inadmissible as hearsay when the out-of-court asserter is present in the courtroom and subject to cross-examination. *Flewallen* v. *State,* (1977) 267 Ind. 90, 368 N.E.2d 239; *Carter* v. *State,* (1977) 266 Ind. 196, 361 N.E.2d 1208; *Patterson* v. *State,* (1975) 263 Ind. 55,

324 N.E.2d 482. In the case at bar the appellant fully cross-examined the three witnesses as to the statements made by the victim. The victim was present at all times during this testimony, testified himself to the act of the appellant and was cross-examined by the appellant. We therefore hold the trial court did not err in permitting the three State witnesses to testify.

Appellant next claims the trial court erred in permitting the five-year-old victim to testify because it was not demonstrated that the child understood the nature and obligation of legal oath or that he had the capacity to communicate what had happened. A determination of whether a child under age ten understands the nature and obligation of an oath is within the discretion of the trial court. When the court has an opportunity to observe the general maturity, intelligence and demeanor of the child, its determination of the child's competence to testify will be reviewed only for an abuse of discretion. IC § 34-1-14-5 (Burns 1973) ; *Scales* v. *State*, (1975) 165 Ind. App. 588, 333 N.E.2d 814. We find no error in the trial court's determination of competence in the case at bar. Both the court and the prosecutor questioned the child about the necessity to tell the truth. The court gave the appellant an opportunity to question the child as to his competency to testify, but the appellant declined. We hold the trial court did not abuse its discretion in permitting the testimony of the victim.

The appellant claims he was denied a fair trial because the State, in its closing argument, was permitted to allude to the testimony of the three State witnesses, which it contends was hearsay. In view of our holding above concerning the testimony of these witnesses, we hold that the comments of the prosecutor were not improper. Closing argument based on evidence produced at trial is proper. *Phelps* v. *State*, (1977) 266 Ind. 66, 360 N.E.2d 191; *Lawson* v. *State*, (1976) Ind. App., 355 N.E.2d 274.

We grant transfer, reverse the Court of Appeals, and for the reasons stated in this opinion, reinstate the appellant's conviction.

Hunter, Pivarnik and DeBruler, JJ., concur.

Prentice, J., concurs in result without opinion.

NOTE.—Reported at 382 N.E.2d 166.