William BENNETT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 3–580A123.

Court of Appeals of Indiana, Third District.

Sept. 22, 1980.

Edward G. Hilgendorf, South Bend, for appellant–defendant.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee–plaintiff.

STATON, Judge.

A jury found William Bennett guilty of child molesting.[1] Bennett was sentenced to the Indiana Department of Correction for a period of ten years.

On appeal, Bennett raises two issues for our review:

(1) Was there sufficient evidence to support the jury's verdict?

(2) Did the trial court abuse its discretion in finding the six–year old prosecuting witness competent to testify?

We affirm.

I.

Sufficiency of Evidence

Bennett contends that there was insufficient evidence to support his conviction for child molesting. When the sufficiency of the evidence is challenged, this Court will consider only that evidence which is most favorable to the State with all logical and reasonable inferences that may be drawn therefrom. The judgment will be affirmed if there is substantial evidence of probative value that supports the jury's verdict. This Court cannot weigh the evidence or assess the credibility of the witnesses in its review. *Scott v. State* (1980), Ind.App., 404 N.E.2d 1190, 1193–94.

The evidence most favorable to the State reveals that on October 30, 1978, Bennett's mother was babysitting for the prosecuting witness, who was five years old at the time, and her younger brother. The prosecuting witness testified that Bennett engaged in anal intercourse with her while his mother was out of the house. Dr. Spalding, the treating physician, examined the prosecuting witness on the day of the incident and found multiple lacerations and bleeding of her anus. Larry Huys, a forensic serologist,

1. The relevant portion of the child molesting statute provides:

"(a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

IC 1976, 35–42–4–3(a) (Burns Code Ed., Repl. 1979).

"Deviate sexual conduct" is defined as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." IC 1976, 35–41–1–2 (Burns Code Ed., Repl.1979).

found semen in the crotch area of the prosecuting witness' panties. Both Dr. Spalding and Corporal Vervynckt, the investigating officer, related separate conversations they had with the prosecuting witness on the day of the incident in which the prosecuting witness stated that Bennett committed an act of anal intercourse with her and forced her to perform an act of fellatio upon him. Nurse Bitter, who was present during Dr. Spalding's conversation with the prosecuting witness, and the prosecuting witness' mother, who was present during both conversations, also heard the prosecuting witness state that Bennett subjected her to acts of sodomy.

■ The uncorroborated testimony of the prosecuting witness is sufficient to sustain a conviction for child molesting. *Gregory v. State* (1980), Ind.App., 408 N.E.2d 594, (1980); *Smith v. State* (1978), Ind.App., 372 N.E.2d 511, 516. In the present case, the prosecuting witness identified Bennett at trial as the person who subjected her to anal intercourse. Dr. Spalding and Corporal Vervynckt, as well as the medical and forensic evidence introduced by the State, corroborated the prosecuting witness' testimony. We conclude that there is sufficient evidence in the record to sustain Bennett's conviction.

Bennett argues that his "clear and convicting" alibi should have precluded the jury from finding him guilty beyond a reasonable doubt. Bennett's alibi consisted of his testimony, which was corroborated by other witnesses, that he was not at home nor in the presence of the prosecuting witness on October 30, 1978, but rather he was with his relatives all day. The State's evidence consisted of an eyewitness identification by the prosecuting witness and other corroborative testimony discussed earlier in this opinion. The State also introduced the testimony of Lieutenant Daggy, who stated that Lieutenant Bonne and and he went to Bennett's place of employment, an adult bookstore in Mishawaka, to ask Bennett to appear at the police station on the following day to answer some questions concerning the incident. Bennett voluntarily stated at that time that he was at home with his mother on the day of the incident and whatever was said about him was false. A conflict between the State's case and a defendant's alibi is a matter to be resolved by the jury, whose decision will not be overturned on appeal if there is substantial evidence of probative value in the record to support it. *Kilgore v. State* (1979), Ind., 391 N.E.2d 820, 821. It was within the province of the jury to reject Bennett's alibi in light of his inconsistent account of his activities on October 30, 1978, and the probative evidence introduced by the State.

## II.

### Competency

■ Bennett objected to the testimony of the prosecuting witness, who was six years old at the time of trial, on the ground that she was incompetent to testify. Children less than ten years old are incompetent to testify "unless it appears that they understand the nature and obligation of the oath." IC 1976, 34–1–14–5 (Burns Code Ed.), made applicable to criminal proceedings by IC 1976, 35–1–31–3 (Burns Code Ed., Repl.1979). Our Supreme Court has held that the competency statute is satisfied if it can be shown:

"(1) that the child knows the difference between telling the truth and telling a lie, and (2) that the child realizes that he or she is under some compulsion to tell the truth. . . ." (Footnote omitted)

*Johnson v. State* (1977), 265 Ind. 689, 692, 359 N.E.2d 525, 528; *see also, Martin v. State* (1969), 251 Ind. 587, 244 N.E.2d 100; *Smith v. State* (1978), Ind.App., 372 N.E.2d 511. In reviewing a finding of competency of a child witness, the following standard of review will be applied:

"A determination of whether a child under age ten understands the nature and obligation of an oath is within the discretion of the trial court. When the court

has an opportunity to observe the general maturity, intelligence and demeanor of the child, its determination of the child's competence to testify will be reviewed only for an abuse of discretion. . . ."

*Buttram v. State* (1978), Ind., 382 N.E.2d 166, 170; *see also Scales v. State* (1975), 165 Ind.App. 588, 333 N.E.2d 814.

Judge Montgomery and the prosecutor examined the prosecuting witness extensively about the necessity to tell the truth. The record reveals that the prosecuting witness sufficiently understood the nature and obligation of the oath. Her answers consistently demonstrated the ability to distinguish truth from lies. The prosecuting witness felt a compulsion to tell the truth and realized that a deviation from the truth would result in punishment from her parents, although her compulsion to tell the truth was not required to be motivated by fear of punishment. *Johnson, supra.* We find no abuse of discretion in the trial court's finding that the prosecuting witness was competent to testify.

Affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.