Frank LeMASTER, Jr., Appellant
(Plaintiff Below),

v.

STATE of Indiana, Appellee
(Defendant Below).

No. 1085S440.

Supreme Court of Indiana.

Oct. 15, 1986.

Thomas J. Mattern, Wabash, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

When a parolee commits acts which give rise to multiple convictions, does Ind.Code § 35–50–1–2 require that the sentences for these convictions be served consecutive to each other? We hold that it does not.

Appellant Frank LeMaster, Jr., was convicted of two counts of child molesting, one as a class B felony and one as a class C felony, Ind.Code § 35–42–4–3 (Burns 1985

Repl.), and a count of criminal deviate conduct, a class B felony, Ind.Code § 35–42–4–2 (Burns 1985 Repl.). He was sentenced to consecutive terms of 20 years for each of the class B felonies and 8 years for the class C felony.

The evidence at trial showed that LeMaster was the live-in babysitter for five children whose parents worked during the day. During his nine months in the home, LeMaster molested two of the girls, ages 6 and 10 at the time, and a boy, age 4. He showed pornographic movies to at least one of the victims.

LeMaster, who weighed 270 pounds, threatened the younger children with physical harm if they revealed his attacks. He warned the 10–year-old girl to keep silent or he would tell her parents that she begged him to go to bed with her. After LeMaster left the home, the parents learned what had happened and contacted police.

### I. Consecutive Sentences

■ LeMaster committed the present offenses while he was on unsupervised parole from a life sentence for a 1957 Kentucky armed robbery. In sentencing LeMaster for the three convictions at bar, the trial court took note of Ind.Code § 35–50–1–2 (Burns 1985 Repl.), which provides:

(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) After having been arrested for another crime, and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime:

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

The record clearly shows that the trial court wanted to impose concurrent sentences for the present crimes because LeMaster was 47 years old and in ill health. Nonetheless, the court imposed consecutive sentences after concluding that LeMaster's status as a parolee made doing so mandatory under Ind.Code § 35–50–1–2.

That statute addresses the problems inherent in sentencing a defendant who commits a crime while on parole. The new conviction may constitute a parole violation for which the defendant could be returned to prison. In such a case, Ind.Code § 35–50–1–2 requires the sentences for the present offenses be served consecutive to any time resulting from the parole violation. As appellant suggests, that statute does not require each of the sentences for the present crimes be served consecutively to each other. *Perry v. State* (1978), 177 Ind.App. 334, 379 N.E.2d 531. Of course, the trial court could find aggravating circumstances which outweigh any mitigating circumstances and order consecutive sentences for the present offenses. Ind.Code § 35–38–1–7 (Burns 1985 Repl.).

In LeMaster's case, his sentences for the present crimes must be served consecutively to any time that he is required to serve as a result of his parole violation. We remand this case to allow the trial court to do what it wanted in the first place: impose concurrent sentences for the three present offenses, to be served consecutively to any Kentucky time.[1]

### II. Error in Instructions

■ The trial court twice charged the jury with the legal definition of "knowingly." LeMaster alleges such repetition improperly emphasized the element of intent and thus was so prejudicial as to deny a fair trial. While the repetition was unnecessary, LeMaster's claim of undue prejudice is unpersuasive. "Knowingly" is a term of art under the Indiana Code and thus requires definition when used in an

1. The record does not reflect whether Kentucky authorities have taken any action against LeMaster. The Kentucky proceedings—or lack thereof—will only affect the starting date, not the validity, of LeMaster's concurrent sentences.

instruction. *Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236. Twice defining this word is an incidental mistake which constitutes no more than harmless error.

### III. Child Witness

LeMaster also alleges error in the trial court's determination that the younger of the two girls, who was seven years old at the time of trial, was a competent witness. After she was sworn and took the stand, the trial court questioned the child as follows:

COURT: You understand (name) you've taken an oath to tell the truth. Do you understand that?

WITNESS: No

WITNESS: Well do you understand I had you swear to tell the truth. Do you understand that is an oath?

WITNESS: Yes

COURT: Now will you tell the truth in everything you say in the Courtroom from now on?

WITNESS: Yes

COURT: Do you think that anything will happen to you if you don't tell the truth?

WITNESS: Yes

COURT: What do you think will happen to you if you don't tell the truth? Will it be good or will it be bad?

WITNESS: A wackin'.

COURT: Pardon?

WITNESS: A wackin'.

COURT: Get a wackin, huh? Is that what you said?

WITNESS: Yes

COURT: Do you think something bad will happen to you, is that what you are telling me?

WITNESS: Yes

The court then requested her age, birthdate, name, school and grade. The child did not know her birthday but otherwise answered the questions. "Now, are you going to tell the truth in everything you say here from now on?" the court then asked. The child responded, "Yes."

The prosecutor subsequently questioned the child in greater depth about her knowledge of an oath and the meaning of truth. The child was unclear about the definition of an oath, but she discerned the difference between truth and falsehood. She once again promised to tell the truth.

■ LeMaster claims the trial court's questioning of the child was insufficient to determine her competency as a witness. Children under 10 years old are incompetent witnesses "unless it appears they understand the nature and obligation of an oath." Ind.Code § 34–1–14–5 (Burns 1985 Supp.). A child is competent if the court finds: (1) that the child knows the difference between telling the truth and telling a lie and (2) that the child knows she is under some compulsion to tell the truth. *Johnson v. State* (1977), 265 Ind. 689, 359 N.E.2d 525. The determination of a child's competency lies within the trial court's discretion because it has the opportunity to observe the child's intelligence, demeanor and maturity. *Lindsay v. State* (1984), Ind. 465 N.E.2d 721. LeMaster claims the trial court abused its discretion because the determination of competency was allegedly based upon insufficient questioning.

■ There is no prescribed form for this type of questioning. *Scales v. State* (1975), 165 Ind.App. 588, 333 N.E.2d 814. The trial court's determination of competency has been affirmed when it asked only three questions. *Id.* It is, of course, the nature of the questions and the responses which form the foundation for the trial court's determination of competency, rather than the number of questions posed. Our deference to the trial court's conclusion has been expressed as follows:

"In reviewing such a determination, we recognize that our examination of the transcribed record of the questioning cannot compare with the trial court's personal presence at the hearing as a basis for resolution of the issue. We, therefore, entrust this determination to the discretion of the trial court and will reverse only where we find clear error, where there is no evidence from which

the trial court could have found that the child understood the nature and obligation of an oath." *Johnson v. State*, 265 Ind. at 692, 359 N.E.2d at 528.

In this case, the trial court asked a number of questions to which the child responded with answers indicating she knew the difference between the truth and a lie and that she believed she was under a compulsion to tell the truth. The child's responses to the prosecutor's questions created a similar inference. While she clearly did not understand the meaning of the word "oath," a child does not need to be able to define that term to be a competent witness. *Id.* Applying the standard enunciated in *Johnson*, we conclude that there was evidence from which the trial court could have determined that the child was competent and accordingly find no abuse of discretion.

This cause is ordered remanded for entry of new sentences. The trial court is affirmed on all other issues.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.