**Donnell PARKER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 02S00–8801–CR–15.

Supreme Court of Indiana.

Jan. 24, 1989.

Randall J. Hammond, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Attempted Murder, a Class A felony, for which he received a sentence of thirty (30) years, and Criminal Recklessness, a Class D felony, for which he received a sentence of two (2) years, the sentences to run concurrently.

The facts are: Shortly after midnight on July 31, 1986, Connie Jordan was proceeding down a street in her automobile in Fort Wayne, Indiana with her ten-year-old daughter. She noticed what she thought at first was an automobile with a single headlight approaching. However, as it came closer she realized the vehicle was a motorcycle. The front window on the left side of her vehicle was rolled down, and as the motorcycle approached, it either stopped or nearly stopped. She then recognized it as the motorcycle of her former live-in boyfriend and she recognized her former boyfriend, appellant in this case, as the rider of the motorcycle. As the two vehicles came abreast, appellant shouted "I told you you were a dead bitch." He fired a shot which came through the windshield of Jordan's automobile, passed over the steering wheel, and lodged in the back of the car. A second shot also entered the car from the side as the two vehicles passed, and a third shot entered from the rear window of the car, passed over the passenger seat, and penetrated the windshield from the inside.

Police were called, given the above information, and went directly to appellant's home. Officer Nathan testified that he arrived at appellant's home approximately one-half hour after the incident had occurred. He testified the motorcycle engine was "extremely hot" at the time he arrived.

Appellant filed an alibi notice and presented the testimony of his current girl friend that they had been together earlier that evening and that during the time of the alleged assault they were conversing on the telephone.

Appellant claims the verdict of the jury is based upon insufficient evidence in that the State failed to prove he was the person who committed the offense. However, as above recited, the evidence of identification is overwhelming. The jury was fully justified in believing the testimony of Jordan and disbelieving the alibi testimony submitted by appellant. This Court will not weigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

Appellant had been charged originally with attempted murder of both Jordan and her daughter; the jury, however, found him not guilty of the attempted murder of the daughter. Appellant claims this is so inconsistent that the verdict finding him guilty of the attempted murder of Jordan should be set aside. However, the evidence fully justifies the jury verdicts in that appellant and Jordan had lived togeth-

er, had separated, and had attempted reconciliations which had failed. There was clearly evidence of animosity between the two. The jury was fully justified in finding that appellant intended to kill Connie Jordan but had no such intention toward her daughter, yet did have a reckless disregard for the daughter's life in that he fired into the automobile knowing the daughter was inside. It was that conduct for which he was found guilty of criminal recklessness. The evidence in this case supports the jury's finding as it concerned Connie Jordan and her daughter.

Appellant also claims the trial court erred in permitting the ten-year-old daughter, Terry Jordan, to testify in the case. He claims that because the daughter had reached her tenth birthday only five days prior to trial and was only nine years of age at the time of the shooting, she should have been declared an incompetent witness. He further points out that when the judge was qualifying the daughter to testify, she stated that she did not know what an oath was and she admitted she had told a lie on prior occasions.

The legislature has stated the public policy concerning the testimony of children. *See* Ind.Code § 34–1–14–5. It was the duty of the trial judge to examine the potential witness and determine whether she understood the nature and the obligation of an oath and if he so found she would be permitted to testify. *Id.; Patterson v. State* (1986), Ind., 495 N.E.2d 714. The record in this case indicates the trial judge proceeded properly in this manner and that the child appeared to be very truthful and candid in her responses to his questioning. We see no error in the trial judge's determination that the child was competent to testify. *See LeMaster v. State* (1986), Ind., 498 N.E.2d 1185.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.