

FILED

Jul 19 2019, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ryan Baxter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 19, 2019

Court of Appeals Case No.
18A-CR-2050

Appeal from the Elkhart Superior
Court

The Honorable Teresa L. Cataldo,
Judge

Trial Court Cause No.
20D03-1612-F1-11

**May, Judge.**

[1] Ryan Baxter appeals his conviction of Level 1 felony child molesting.[1] Baxter asserts:

1. The trial court erred by admitting a medical report; and

2. His victim's testimony was incredibly dubious, rendering his conviction unsupported by sufficient evidence.

We affirm.

# Facts and Procedural History

[2] Jonathan Woods ("Father") divorced Courtney Baxter ("Mother") when their daughter A.W. was two years old. Father received primary custody over A.W. Every other weekend, A.W. would stay with Mother and her husband, Baxter. When A.W. would return from visits with Mother and Baxter, A.W.'s behavior would be noticeably changed. A.W. would be moody, avoid other people, and have night terrors.

[3] Near the end of January 2016, A.W., then four, was staying with Mother and Baxter for the weekend. One night, after Mother had gone to work, A.W. was in Baxter's bedroom. Baxter made A.W. lie down on the bed and threatened to spank her if she did not remove her clothes. Baxter then took off his pants and put his penis in A.W.'s butt and vagina. A.W. told Baxter to stop, but he

---

[1] Ind. Code § 35-42-4-3(a)(1).

ignored her. When Baxter was finished, he told A.W. to go back to her room. A.W. experienced anal and vaginal pain for several days after the incident.

[4] One night after A.W. had returned to Father's home, A.W. was getting ready for bed with her grandmother, Rose. A.W. told Rose what happened with Baxter. The next day, Rose told Father what happened. Father and Rose then took A.W. to report the incident to the police. On February 8, 2016, A.W. underwent a sexual assault examination. The nurse, Nancy Grant, determined A.W. had an injury consistent with prior penile penetration that was healing.

[5] The State charged Baxter with three counts of Level 1 felony child molesting. A jury found Baxter guilty of one count of Level 1 felony child molesting. The trial court imposed a forty-eight-year sentence with eight years suspended.

# Discussion and Decision

## Admission of Evidence

[6] Baxter argues the trial court abused its discretion by allowing A.W.'s medical report into evidence because it contained inadmissible hearsay. "A trial court has broad discretion in ruling on the admissibility of evidence and we will disturb its rulings only where it is shown that the court abused that discretion." *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011). An abuse of discretion occurs when the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and

actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

[7] Baxter argues the medial report prepared by Grant contains hearsay because it contains A.W.'s report identifying Baxter as the perpetrator of the sexual assault that caused her injury. Hearsay is "a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is inadmissible except as provided by law or other court rules. Evid. R. 802.

[8] While the statement identifying Baxter as the perpetrator typically would be inadmissible, Is*ee Muncy v. State*, 716 N.E.2d 587, 591 (Ind. Ct. App. 1999) (testimony regarding out-of-court identification of defendant was inadmissible), *trans. denied*, the State asserts a hearsay exception provided in Evidence Rule 803 renders admissible Grant's report of A.W.'s identification of Baxter as the person who sexually assaulted her. Indiana Evidence Rule 803(4) provides "[a] statement that: (A) is made by a person seeking medical diagnosis or treatment; (B) is made for—and is reasonably pertinent to— medical diagnosis or treatment; and (C) describes medical history; past or present symptoms, pain or sensations; their inception; or their general cause" is not excluded by the hearsay rule.

For a report to be admissible under that exception, the declarant's self-interest in obtaining effective medical treatment must be considered. The court must determine: "1) is the declarant motivated to provide truthful information in order to promote diagnosis and treatment; and 2) is the content of the statement such that an expert in the field would reasonably rely on it in rendering diagnosis or treatment." *McClain v. State*, 675 N.E.2d 329, 331 (Ind. 1996). "[C]ourts may exercise their discretion in admitting medical diagnosis statements which relay the identity of the perpetrator." *Perry v. State*, 956 N.E.2d 41, 49 (Ind. Ct. App. 2011).

Statements made by victims of sexual assault "satisfy the second prong of the analysis because they assist medical providers in recommending potential treatment for sexually transmitted disease, pregnancy testing, psychological counseling, and discharge instructions."[2] *VanPatten v. State*, 986 N.E.2d 255, 260 (Ind. 2013). As we have explained:

> All victims of domestic sexual abuse suffer emotional and psychological injuries, the exact nature and extent of which depend on the identity of the abuser. The physician generally must know who the abuser was in order to render proper treatment because the physician's treatment will necessarily differ when the abuser is a member of the victim's family or household. In the domestic sexual abuse case, for example, the treating

---

[2] Baxter does not argue the first prong of the analysis, so we need not address it.

> physician may recommend special therapy or counseling and
> instruct the victim to remove herself from the dangerous
> environment by leaving the home and seeking shelter elsewhere.
> In short, the domestic sexual abuser's identity is admissible under
> Rule 803(4) where the abuser has such an intimate relationship
> with the victim that the abuser's identity becomes "reasonably
> pertinent" to the victim's proper treatment.

*Nash v. State*, 754 N.E.2d 1021, 1025 (Ind. Ct. App. 2001), *trans. denied.*

[11] Father and Rose took A.W. to the hospital. The identification of Baxter as the perpetrator was relevant and necessary in order for Grant to know if she could discharge A.W. into Father's custody without A.W. being subjected to more abuse after she was released. Because the identification of Baxter as the perpetrator was necessary to ensure A.W.'s safety, the court did not abuse its discretion by admitting the medical report. *See Perry*, 956 N.E.2d at 49 (identification of assailant "relevant to any psychological counseling for domestic abuse, and significant to medical personnel in deciding how to discharge their patient").

## Sufficiency of Evidence

[12] Baxter argues there was insufficient evidence to support his conviction. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of

fact to find the defendant guilty beyond a reasonable doubt." *Id*. at 126 (internal citation omitted).

[13] Baxter specifically claims the evidence was insufficient because A.W.'s testimony was incredibly dubious. "Under the incredible dubiosity rule, a court will impinge upon the jury's responsibility to judge the credibility of witnesses only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Tillman v. State,* 642 N.E.2d 221, 223 (Ind. 1994). "Application of this rule is limited to cases . . . where a sole witness presents inherently contradictory testimony [that] is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Id*.

[14] Incredible dubiosity is not available to invalidate A.W.'s testimony because her testimony is not inherently contradictory and it is corroborated by other witness testimony. At trial, Grant, a sexual assault nurse examiner, testified A.W. sustained injury to her hymen that was consistent with penile penetration. Grant's testimony provides circumstantial evidence in support of A.W.'s testimony and invalidates Baxter's incredible dubiosity argument. *See Moore v. State*, 27 N.E.3d 749, 760 (Ind. 2015) (rejecting incredible dubiosity when testimony supported by circumstantial evidence). A.W.'s testimony was sufficient to support Baxter's conviction. *See Bennet v. State*, 409 N.E.2d 1189, 1191 (Ind. Ct. App. 1980) (testimony of victim of child molest was sufficient to sustain a conviction).

# Conclusion

The trial court did not abuse its discretion by admitting Grant's medical report. Because A.W.'s testimony was supported by evidence of sexual assault observed during an examination, A.W.'s testimony was not incredibly dubious. The evidence was sufficient to convict Baxter. Accordingly, we affirm.

Affirmed.

Mathias, J., and Brown, J., concur.