**Dale STEWART, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1181S325.

Supreme Court of Indiana.

July 30, 1982.

Joseph D. Bradley, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Child Molesting, Ind.Code § 35-42-4-3(a) (Burns 1979) following a bench trial and was sentenced to thirteen (13) years imprisonment.

Defendant challenges the sufficiency of the evidence and asks us to determine that the testimony of the nine-year old male victim (ten years old at the time of trial) suffered from such inconsistencies and inherent improbability as to render it of no probative value.

The evidence most favorable to the State discloses that on the evening of September 21, 1979, the victim was left alone by his parents with money to buy his dinner. About 8:00 or 8:30 p. m. he went to Wendy's Restaurant. On the way home he passed the Fisca Service Station, where defendant worked as assistant manager.

Defendant had been acquainted with the victim and his parents for five or six years. He often gave "cherry bomb" rides to the neighborhood children, including the victim. The ride is so named because of a special muffler, which causes the engine to make loud noises, while the driver swerves the automobile for the child's amusement.

The victim requested a cherry bomb ride and Defendant consented but had to close the station first. At about 10:00 p. m., while Defendant finished the day's paperwork, the victim felt the need to urinate and "crouched himself" to avoid the urge. Defendant noticed his activity and asked, "What is that," to which the victim replied "Junior."

Defendant finished his work, and he and the victim entered his automobile, whereupon Defendant told the victim to open Junior. The victim opened his pants, and Defendant lifted the victim's underwear and rubbed his penis. Then the victim, at Defendant's request, rubbed the defendant's penis, which Defendant had taken out of his pants.

Defendant gave the victim a cherry bomb ride to the victim's home, and the victim invited Defendant in to see that it had been redecorated. Inside the house Defendant performed fellatio upon the victim and left at about 10:30 p. m.

The incident was not discovered until the victim told his best friend, who in turn told his mother, who informed the victim's parents and the police.

Additional evidence disclosed that the Defendant had molested another boy in the summer of 1980 on three separate occasions. At that time, Defendant had resided in the home of his female companion who was also the boy's mother and had apparently assumed the role of a father figure, which the boy resented.

Defendant first notes that the victim mentioned, for the first time, at trial that while they were in the victim's home, Defendant asked him to suck the defendant's penis. Next, he notes that the victim could not recall if he walked out to Defendant's car after the incident was over, even though he admitted having testified at a previous trial, five weeks earlier, that he did walk to the car.[1] Lastly, Defendant notes that the victim waited two and one-half months before speaking to the police:

"It should be noted that in view of the witness' age, he was certainly very much vulnerable to conscious or unconscious manipulation by police and prosecutorial investigators. That is to say, after remaining silent about these alleged incidents for two and one-half months, and then being approached by police officials for information, (the victim's) account of what happened may very well have been colored by his natural desire to satisfy the expectations of those investigators." Appellant's Brief at 20.

The uncorroborated testimony of the prosecuting witness is sufficient to sustain a conviction for child molesting. *Snider v. State*, (1980) Ind., 412 N.E.2d 230, 234; *Bennett v. State*, (1980) Ind.App., 409 N.E.2d 1189, 1191. Defendant's arguments, which address the credibility of the prosecuting witness, were ably presented to the trial court, and under our standard of review for sufficiency claims, *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied*, (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105, the trier of fact has the final say upon the matter. *Haskett v. State*, (1979) Ind., 395 N.E.2d 229, 231 (claim of inherent improbability in rape victim's testimony); *Noble v. State* (1976) Alaska 552 P.2d 142, 144–45 (descrepancies in uncorroborated male victim of child molestation); *State v. Garner*, (1972) Mo., 481 S.W.2d 239, 242 (discrepancies in uncorroborated testimony of child, victim of sodomy).

Defendant asks us to consider these arguments in light of what he asserts is the victim's inherently incredible testimony. The victim testified that at or shortly before 10:00 p. m. he developed a strong urge to urinate:

"Q. Now, did you say in your direct examination in your answer to Mr. Knowals that you pinched yourself to hold it?

"A. That's correct.

"Q. So you really had to go?

"A. Yes." R. at 62.

Defendant reasons that several events, the cherry bomb ride, and the two alleged instances of sexual contact, were so exciting as to have compelled the victim to relieve himself. The victim testified that he did not go to the bathroom until after 10:30 p.

---

1. The record on appeal is unclear concerning the nature of this trial, which involved a jury. Apparently Defendant was convicted of Child Molestation, Class C felony; however, it is impossible to determine who the alleged victim was or why the victim in the case at bar testified at that trial.

m., after Defendant had left, "because it slipped my mind." Defendant urges that this explanation is incredible, under the circumstances, and casts doubt upon the balance of the victim's testimony.[2]

We have considered this claim in light of the victim's unwavering assertion that he was molested, the evidence of Defendant's subsequent conduct with a different boy, and the possible impeaching effect of a recent prior conviction for child molesting upon Defendant's credibility, and we cannot say that, under the circumstances, the trial court's judgment is clearly erroneous.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

---

2.  Defendant cites *Thomas v. State*, (1958) 238 Ind. 658, 154 N.E.2d 503, wherein we reversed a conviction for public indecency based solely upon the testimony of two girls, ages seven and eight. In *Thomas*, unlike the case at bar, not only was the credibility of the girls highly suspect, but also the appellant had presented an unimpeachable alibi.