Gary **TUGGLE**, Appellant (Defendant below),

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1082S405.

Supreme Court of Indiana.

Jan. 12, 1984.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., of Ind., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Gary Tuggle, was convicted at a bench trial of child molesting, a Class B felony, Ind.Code § 35–42–4–3 (Burns 1983 Supp.) and was sentenced to the Indiana Department of Corrections for a period of eleven years. He raises the following three issues in this direct appeal:

1. Whether the trial court erred in finding the victim competent to testify;

2. Whether there was sufficient evidence to sustain the conviction; and

3. Whether the sentence imposed by the trial court is manifestly unreasonable.

A brief summary of the facts from the record most favorable to the state shows that on January 14, 1981, the eight-year old victim returned home early from school and was alone in her house with defendant. Defendant was her mother's boyfriend and had been living in the house for a few weeks prior to this incident. The victim was on a couch in the living room because she had a headache. Defendant took her upstairs to her mom's room where he took his clothes off. He then undressed the victim and sat her on his chest while he lay on his back on the bed. He performed cunnilingus and anal intercourse on the victim.

The victim was examined about two weeks later by a physician, Dr. Jenson. He found multiple scars in the victim's rectum which he felt were caused by forced rectal intercourse and which would have occurred more than one week prior to his examination. At a preliminary hearing, the court determined that the victim knew the difference between telling the truth and telling a lie and that she understood the nature and consequence of an oath.

## I.

■ Defendant first contends that the trial court erred in finding that the victim was competent to testify. The record shows that she was nine years old and in the third grade at school at the time of the trial. Our statute establishes a presumption of incompetence for children under ten years of age "unless it appears that they understand the nature and obligation of an oath." Ind.Code § 34–1–14–5 (Burns 1983 Supp.).

In this case, the victim was questioned by both the prosecutor and defense counsel about her understanding of an oath and the difference between telling the truth and telling a lie. She testified that she knew the difference between the truth and a lie. She stated that she knew she would "get in trouble" and "be grounded" or "go to jail" if she told a lie. She also said that she understood that taking an oath meant that you promised to tell the truth. The following colloquy then took place between the victim and the trial judge.

THE COURT: "..., in school, does your teacher ever let you just make up stories and write them for entertainment?"

THE WITNESS: "Yes."

THE COURT: "You understand that this is not the schoolroom, this is different here, that you can't make up stories or pretend stories, do you understand?"

THE WITNESS: "Yes."

THE COURT: "And the oath that I gave you when I had you raise your right hand and swear to tell the truth, that means that you have to tell the truth and nothing but the truth, can you do that?"

THE WITNESS: "Yes."

THE COURT: "You won't make up any pretending stories?"

THE WITNESS: "No."

THE COURT: "As I understood it, you said that you would get grounded, if you lied, by your Mom?"

THE WITNESS: "Yes."

THE COURT: "Would it be wrong for you to lie about something even knowing that you might not get caught at it?"

THE WITNESS: "Yes."

THE COURT: "Do you think that is wrong or right?"

THE WITNESS: "Wrong."

This was sufficient evidence to show that the victim knew the difference between telling a lie and telling the truth and knew that she would be punished for telling a lie. This Court has consistently held that a determination of whether a child under the age of ten understands the nature and obligation of an oath is within the discretion of the trial court. This determination is reviewable only for a manifest abuse of discretion. *Staton v. State*, (1981) Ind., 428 N.E.2d 1203; *Holder v. State*, (1979) 272 Ind. 52, 396 N.E.2d 112; *Buttram v. State*, (1978) 269 Ind. 598, 382 N.E.2d 166.

There was sufficient evidence here to show that the victim understood the nature and obligation of an oath. The trial court did not abuse its discretion in finding the victim competent to testify.

## II.

Defendant next alleges that there was not sufficient evidence to sustain the verdict. In this case, the state had to prove that defendant performed or submitted to sexual intercourse or deviate sexual conduct with a child under twelve years of age to establish the offense of child molesting. Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.). Deviate sexual conduct is defined as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." Ind.Code § 35–41–1–2 (Burns 1979 Repl.).

■ It is well settled that the uncorroborated testimony of the prosecuting witness is sufficient to sustain a conviction for child molesting even though the victim is a minor. *Jones v. State*, (1983) Ind., 445 N.E.2d 98; *Stewart v. State*, (1982) Ind., 437 N.E.2d 1328; *Snider v. State*, (1980) Ind., 412 N.E.2d 230. It is also axiomatic that as a court of review we will neither

judge the credibility of witnesses nor reweigh the evidence. Rather, we will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Muse v. State,* (1981) Ind., 419 N.E.2d 1302; *Wofford v. State,* (1979) 271 Ind. 518, 394 N.E.2d 100; *Poindexter v. State,* (1978) 268 Ind. 167, 374 N.E.2d 509.

■ Here, the victim's age of nine years was established at the competency hearing which immediately preceded the trial to the court. The victim testified that she was alone in her home with defendant on January 14, 1981, and that he "licked my privates" and "put his penis in my butt hole." In addition, the physician who examined the victim testified that he found multiple scars in her rectum which he felt were caused by forced rectal intercourse. This is clearly sufficient evidence to sustain the conviction. The minor conflicts in the victim's testimony as to what relationship defendant had with her mother and on what day of the week the incident occurred, went only to her credibility which was for the trier of fact to determine. The inconsistencies in the victim's statements to the examining physician in which she referred to defendant's finger rather than his penis can be explained by the fact that she was very withdrawn when the physician examined her and did not want to talk to him at all.

The record shows that the victim's testimony at the trial unequivocally established all the elements of the offense and her testimony was corroborated in general by the examining physician. This was sufficient evidence to support the guilty verdict.

### III.

■ Defendant finally contends that the sentence of eleven years is manifestly unreasonable as the presentence investigation report showed that he suffered from alcohol and drug abuse problems and would not likely be involved in the behavior charged in this case except for his substance abuse. Defendant was convicted of child molesting, which is a Class B felony, and was sentenced to a term of imprisonment of eleven years. Under our statute, a person who commits a Class B felony shall be imprisoned for a fixed term of ten years, with not more than ten years added for aggravating circumstances or not more than four years subtracted for mitigating circumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.).

The trial court stated that it found as aggravating circumstances that defendant had a history of criminal activity, that he was on probation at the time of the offense, and that the imposition of a reduced sentence would depreciate the seriousness of the offense. The court had the discretion to increase the basic sentence of ten years by as much as ten years. However, this Court has consistently held that the record must disclose what factors were considered to be aggravating circumstances and that the determination of the sentence was based upon a consideration of the facts of the specific crime and the relation of the sentence imposed to the objectives to be served. *Kelly v. State,* (1983) Ind., 452 N.E.2d 907; *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Washington v. State,* (1981) Ind., 422 N.E.2d 1218.

Here, defendant had sexually molested an eight-year old victim leaving her with multiple scars in her rectum. The trial court's findings that defendant had a history of criminal activity and was on probation at the time of the offense, show that past attempts at rehabilitation had failed. In consideration of the nature of the offense in this case and the aggravating circumstances found by the trial court, we cannot say that the sentence is manifestly unreasonable.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.