**Charles H. OPFER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1084S401.**

Supreme Court of Indiana.

Sept. 16, 1985.

Patrick Murphy, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class B felony. The court imposed a twenty (20) year sentence.

The facts are: Appellant and another man, LaMoine Oliver, were riding in Oliver's automobile when the suggestion to commit a robbery arose. The pair decided to rob the attendant of a nearby service station. Oliver parked the automobile in a residential neighborhood near the station and appellant left the vehicle to walk to the service station where he drew a gun and demanded money. Appellant fled to Oliver's automobile with $69 obtained from the attendant, Ted Pratt.

Appellant argues the trial court erred when it failed to grant an extended continuance and to impose sanctions against the State following an alleged violation of the court's discovery orders. The parties engaged in the customary discovery requests and the court issued its typical discovery order. Among the items the State was to produce were: all statements taken by the involved police agencies; copies of all photographs used to construct photographic lineups; a complete witness list; and information when the victim would return to testify. The court had earlier granted appellant's motion to depose the victim at public expense.

The discovery process had been slowed by the fact Pratt had joined the armed forces shortly after the incident and was stationed in Colorado. Pratt returned to Indiana late on the afternoon of Friday, June 22, 1984. During that weekend he was shown, for the first time, the photographic array in question.

Trial commenced on Monday, June 25, with the jury *voir dire.* On Monday, appellant was informed that Pratt was now in the state and available to appellant. Appellant also viewed for the first time two statements given to police agencies by possible witnesses and the photographs used

in the array. An updated witness list was also provided. It included thirteen new names including three Ohio police officers. After the *voir dire* was completed the court recessed for the day and appellant was able to then depose Pratt.

Appellant argues the State violated the court's discovery order by failing to provide, prior to trial, the witness list, the photographs, the witness statements and the current location of Pratt. The trial court has wide latitude in discovery matters as a part of its inherent power to guide and control the proceedings. *Kalady v. State* (1984), Ind., 462 N.E.2d 1299. Absent a showing of clear error and resulting prejudice, the court's ruling will not be overturned on appeal. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

The trial court heard the State's explanation of the delay in providing the materials. We do not find the trial court committed reversible error when it concluded the State had not blatantly and deliberately refused to comply with the court's discovery order. *See Averhart v. State* (1984), Ind., 470 N.E.2d 666.

While this continuance was not as long as appellant felt was necessary, we believe it was sufficient to conduct the necessary inquiries. Secondly, appellant has not shown the relative shortness of time resulted in prejudice. The record reveals appellant conducted an adequate cross-examination of the witnesses called by the State. The fact appellant did not prevail before the jury is not of itself conclusive proof that he was prejudiced by a particular decision of the court. We hold the trial court did not err in failing to order sanctions or by not granting a longer continuance.

Appellant contends the trial court erred when it failed to grant his motion for a mistrial following two alleged violations of the court's order in limine. The order required that the State refrain from references to any and all unrelated incidents alleged to have been committed by appellant

but for which he was not yet charged. The first alleged violation occurred during the direct examination of Oliver. The testimony in question is as follows:

"Q Okay and then tell us what happened next?

A I ... I knew that he was going to do something. I didn't really know what he was going to do. I didn't really know he was going to rob the place with a gun ... his style, he usually walks up to a gas station attendant and asks ...[.]"

Appellant's counsel moved for mistrial. The court denied the motion but admonished the jury to disregard the remarks of the witness.

Later, the chief investigating officer testified concerning the sawed-off shotgun used by appellant. Officer Malston stated:

"Q Was there any information in relation to this gun?

A Yes sir, it was told to me by Detective Koons that besides the shotgun, that Charlie Opfer was known to carry a 25 Brownie."

Appellant again moved for a mistrial and the court denied the motion. The court did admonish the jury to disregard the statements of the witness concerning any weapon other than the shotgun. Absent an abuse of discretion, we will not disturb the court's ruling on a motion for mistrial. *Hedges v. State* (1982), Ind., 443 N.E.2d 62. The admonitions are clearly sufficient to clear any error.

Appellant maintains the court erred when it denied his motion to suppress the introduction of the photographic array, testimony concerning the array and the victim's in-court identification of appellant. Appellant argues the photographs and the procedures used in conducting the array were unduly suggestive and impermissibly influenced the in-court identification. On the night of the incident, the victim provided a description of his assailant which varied from appellant's height and weight. The description also indicated the assailant had a small or thin mustache. Only two of the persons pictured in the array had a mustache. Additionally appellant argues the photograph of himself used in the array had a different color of background than the others. Appellant also contends the police suggested to Pratt that the photograph of his assailant was contained in the group of photographs constituting the array.

The array consisted of six white males who were similar to one another in age, facial characteristics and body type. The fact they all did not have a mustache does not constitute by and of itself an impermissibly suggestive array. *Henson v. State* (1984), Ind., 467 N.E.2d 750. The fact the color backgrounds of the photographs varied does not create an unduly suggestive array. Nor do we find these two factors taken together constitute a reversible error.

As to appellant's claim that the officers suggested the assailant was pictured within the group, we find no merit. We do not find anything in the record constituting a suggestion by the officer that the perpetrator was in fact in the array or that the victim should be identifying anyone in the group. We find no error.

Assuming *arguendo* the pretrial confrontation was impermissibly suggestive, an independent basis for the in-court identification did exist. Pratt was face to face with his assailant for several seconds. The view was unobstructed and the area was well lighted. These circumstances created the necessary basis for the in-court identification.

Appellant contends the trial court erred when it gave final instruction 2 AA which stated:

"In clothing those charged with crime with the presumption of innocence, the law does not contemplate that thereby the guilty should be shielded from merited punishment. Its object is to protect the innocent, so far as human agencies can, from the effects of unjust verdicts. The effect of this presumption is to with-

hold punishment from one charged with crime until all the facts necessary to constitute the offense charged have been proved to that degree of certainty fixed by law as being beyond reasonable doubt.

"If a defendant is innocent, he should not be convicted erroneously, but if a defendant is guilty, he should not be acquitted erroneously. By acquittal of the guilty, a contempt of the law is aroused among the criminal classes and the safeguards of society are weakened."

He argues the last portion of the instruction presumes a fact not in evidence. Such a comment, he contends, allows the jury to view themselves as under seige from the criminal society. In *Murray v. State* (1982), 442 N.E.2d 1012, this Court noted this instruction has been approved on several occasions either as a separate instruction or as part of a larger one. We find no merit to appellant's argument. The trial court did not err in giving the instruction.

The trial court is in all things affirmed.

DeBRULER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs in result.

SHEPARD, J., not participating.