George C. MAHLA, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 985 s 387.

Supreme Court of Indiana.

Aug. 20, 1986.
Rehearing Denied Oct. 27, 1986.

John Richard Walsh II, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a jury trial, Defendant-Appellant George Mahla was convicted of child molesting, a class B felony[1], upon his

---

**1.** Ind.Code § 35–42–4–3. The offense is a class B felony if committed on a child under 12 years

adopted son, age 11, and sentenced to a term of twenty (20) years imprisonment. The issues raised in this direct appeal are:

1. defendant's right to discovery at the conclusion of testimony by a State's witness;

2. excusing the jury for a brief recess without proper admonishment;

3. comments by the prosecutor during final argument;

4. sufficiency of evidence;

5. refusing to instruct on class C felony child molesting as a lesser offense; and,

6. adequacy of sentencing statement and reasonableness of sentence.

We affirm the conviction and sentence.

## ISSUE I

Defendant argues the trial court committed reversible error in denying his request during trial for discovery following the testimony of a State's witness.

Detective Dale Koons testified that he made handwritten notes concerning his initial interviews with the victim and other family members, and then later reduced these notes to typewritten memoranda and discarded the handwritten notes. Following his testimony defense counsel requested that the trial court order the State to make these memoranda available for inspection, ostensibly to compare the detective's impressions of the interviews with statements by the victim and family members to be given at trial. The trial judge refused to order production of the memoranda outright, but reserved the opportunity to later reconsider the request, and specifically admonished the prosecutor to forward any exculpatory material present in the typewritten notes. Nevertheless, defendant claims failure to order production of the notes was error.

■ A trial judge has the responsibility to direct the trial in a manner which facilitates the ascertainment of truth, insures fairness, and obtains economy of time and effort commensurate with the rights of both society and the criminal de-

fendant. *Allen v. State* (1982), Ind., 439 N.E.2d 615, 618; *State ex rel. Keller v. Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433; *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149; *Bernard v. State* (1967), 248 Ind. 688, 230 N.E.2d 536. Wide discretionary latitude must therefore be given in discovery matters. *Allen, supra; Harris v. State* (1981), Ind., 425 N.E.2d 112; *Opfer v. State* (1985), Ind., 482 N.E.2d 706; *Kalady v. State* (1984), Ind., 462 N.E.2d 1299. Absent clear error and resulting prejudice, a trial court discovery ruling will not be overturned. *Opfer, supra; Wagner v. State* (1985), Ind., 474 N.E.2d 476.

■ The question here is whether the trial court abused its discretion in refusing to require additional discovery. Applying the considerations discussed above, we do not find clear error or resulting prejudice. The defense had been given access to a videotaped statement by the victim made during the initial stages of the investigation, and depositions of the victim and his mother were taken before trial. The subsequent trial testimony of the victim and his mother was generally consistent with their pretrial statements, and there is no indication the defense was surprised by their testimony.

## ISSUE II

■ During the victim's testimony, the trial judge called a brief recess, but failed to provide the usual admonishment to the jury as he excused them, which defendant now contends was reversible error. The defense made no objection either before or after the jury was excused, and there is no showing of prejudice to the defendant. Thus we find any claim of error both waived and harmless. *Choate v. State* (1984), Ind., 462 N.E.2d 1037, 1046; *Brown v. State* (1964), 245 Ind. 604, 201 N.E.2d 281. We reject defendant's argument that the error was "fundamental error," apparent on the face of the record and resulting in a blatant violation of due process. This

old, and a class C felony if the child is between 12 and 16 years old.

trial lasted several days and involved many recesses and conferences outside the presence of the jury. The jury was properly admonished on these occasions except for the brief recess at issue here. We find no error on this issue.

## ISSUE III

Following the State's case-in-chief defendant rested without presenting evidence. However, during final argument defense counsel urged:

> Do not, do not for a moment when you retire to that jury room think that you will be freeing a guilty man when you vote to acquit George Mahla. For you will be serving a much higher purpose. You will be helping to insure that in Madison County at least the word will go out, we are not going to take the liberty away from an individual as the result of emotion, haste, prejudice and if I may for a moment speak on the subject of prejudice. What group of individuals in our country presently incur and suffer and have to live daily with more prejudice than the homosexual? What group? There is none. All of us are in agreement, that is not a lifestyle to be chosen. But what little we are beginning to know about homosexuality is that it is not a chosen life style. George Mahla could have no more choice over whether he would be a homosexual. The scientist, the social scientists are telling us that homosexuality is something that comes born in the genes. Do not find George Mahla guilty because he is a homosexual.

During the prosecutor's rebuttal, the following exchange then occurred:

> Again I suggest to you that the evidence is quite clear that this happened when he was eleven years old and there is not one bit of evidence to say otherwise. He talks about the choice. Keep in mind that there is no evidence, they had the opportunity to present evidence but they rested without presenting any ...
>
> MR. WALSH: Your Honor, I object to that. I object to that. He is comment-

ing upon my client's decision to remain silent.

> MR. BRODERICK: That is not true, your Honor.
>
> MR. WALSH: I object, your Honor.
>
> JUDGE: All right. Well let's move on to something of more importance, Mr. Broderick.
>
> MR. BRODERICK: There has been no evidence presented at all by any social workers, by any psychologist about homosexuality. Whether or not it is normal, abnormal, cause of genes or some other way. I don't stand here and pretend to tell you what it is because I don't know, I am not an expert. But you as triers of fact can only rely upon evidence which is presented before you.

In this appeal defendant claims that the prosecutor's remarks were an impermissible comment on defendant's decision to remain silent, thus violating the rule of *Griffin v. California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, and its progeny.

*Griffin* and subsequent cases have firmly established the rule that the prosecution may not use a defendant's decision not to testify to draw an inference of guilt before the jury. However, cases in this area distinguish between prosecutorial remarks directed to a defendant's specific decision to remain silent and argument to the effect the defense has presented no evidence to refute the State's case. In *Rowley v. State* (1972), 259 Ind. 209, 285 N.E.2d 646, Justice DeBruler, in reviewing a series of cases on the subject, cited with approval language from the First Circuit Court of Appeals in *United States v. Flannery* (1st Cir.1971), 451 F.2d 880, 882, which held that, in the absence of a prompt, strong admonition to the jury, such comments would be considered prejudicial as a matter of law "when it is apparent on the record that there was no one other than himself whom the defendant could have called to contradict the testimony." Although *Rowley* did not adopt the *Flannery* opinion's analysis of *Griffin* in all its particulars, the *Rowley* Court reversed a conviction for burglary where the prosecutor had stated "there had

not been one bit of evidence from the witness stand that indicated the defendant was not guilty." 259 Ind. at 211, 285 N.E.2d at 647. Under the facts there presented, it was apparent the only person who could have contradicted the State's case was the defendant. 259 Ind. at 214, 285 N.E.2d at 648.

Subsequent Indiana cases have analyzed similar contentions on the particular facts presented, but have emphasized the distinction between general arguments that no evidence refutes the State's case and specific arguments concerning a defendant's failure to testify. *E.g., Mayes v. State* (1984), Ind., 467 N.E.2d 1189, 1196–97; *Pitman v. State* (1982), Ind., 436 N.E.2d 74, 78–79; *Wofford v. State* (1979), 271 Ind. 518, 519–20, 394 N.E.2d 100, 103; *Bailey v. State* (1982), Ind.App., 438 N.E.2d 22, 25–26, *trans. denied.*

■ In the present case, the prosecutor's argument, in proper context, was directed at defendant's failure to present expert testimony to the effect that homosexual behavior was somehow compelled by genetic or other factors. We do not find the comments were directed at, or could reasonably be inferred to refer to, defendant's decision not to testify. We further note the trial judge properly gave the jury final instructions that the defendant was under no duty or obligation to testify, and that the defendant's failure to testify was not to be considered in determining guilt. We find no error.

■ Defendant further contends that a later comment by the prosecutor during final argument was so inflammatory and prejudicial as to require a new trial. The comment was:

> Do not allow him to prey upon others. Do not allow him to get to Jason or any other children. Convict George Mahla as charged, please.

However, defendant concedes that no objection nor request for curative measures were made. This Court has repeatedly held that failure to make prompt objections to alleged prosecutorial misconduct results in waiver of the issue on appeal. *Cox v. State* (1985), Ind., 475 N.E.2d 664, 670; *Burris v. State* (1984), Ind., 465 N.E.2d 171, 186–87, *cert. denied* (1985), 469 U.S. 1132, 105 S.Ct. 816, 83 L.Ed.2d 809. Defendant urges that this statement was prosecutorial misconduct so fundamental as to obviate considerations of waiver. Defendant argues that the statement "placed the defendant in a position of grave peril" and that it was unmistakably "persuasive." These elements do not constitute misconduct. It is the proper duty and role of the prosecutor in our adversary system to seek to subject the defendant to "grave peril." A prosecutor seeks to present "persuasive" final argument. Whether such argument constitutes misconduct is made by reference to case law and the disciplinary rules of the Code of Professional Responsibility. *If* a prosecutor's comment to the jury is found to constitute misconduct, *then* the probable persuasive effect is considered to determine whether a defendant was subjected to such grave peril as warrants relief. *Johnson v. State* (1982), Ind., 436 N.E.2d 796; *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. We do not find that the comment in question constituted misconduct. It was rather within the ambit of reasonable prosecutorial advocacy.

## ISSUE IV

Defendant contends that the evidence was not sufficient to sustain the verdict.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. In applying this standard in similar cases this Court has held convictions for child molesting may be sustained on the uncorrob-

orated testimony of the victim. *Tuggle v. State* (1984), Ind., 457 N.E.2d 1094, 1096–97 and authorities cited; *Stewart v. State* (1982), Ind., 437 N.E.2d 1328. Comparatively minor inconsistencies in the victim's testimony go to the witness' credibility, which is for the trier of fact to determine. *Tuggle*, 457 N.E.2d at 1097; *Catenacci v. State* (1982), Ind., 436 N.E.2d 1134, 1137–38.

■ The information alleged defendant molested the victim, a child not yet twelve (12) years old, sometime between March, 1981, and May, 1982. The victim's twelfth (12th) birthday was November 26, 1981. Defendant did not contest, and indeed counsel acknowledged during final argument, the evidence that at some point defendant and his nephew molested the victim in the manner charged. Rather, defendant vigorously contended the State's evidence did not establish, beyond a reasonable doubt, that the acts charged occurred between March 1 and November 26, 1981.

The State's case relied on the victim's statements to his mother and Detective Koons as related by their hearsay testimony, the victim's pretrial statements and trial testimony, and testimony of a family friend which related inculpatory admissions by defendant and a statement by the victim to her that a sexual incident had occurred between defendant, his nephew and the victim. Defendant repeatedly emphasizes that the victim's testimony was inconsistent concerning the precise date or month the incident occurred. The victim at different times stated the incident occurred around Easter, in April, 1981, but also stated he had been on summer vacation from school for a month or longer. The *only* suggestion in the record the offense occurred when the boy was older than twelve (12) was a statement by his mother in her deposition referring to "Easter, 1982", which she immediately, in the deposition, corrected to "1981".

Overall the victim's pretrial statements and trial testimony are quite consistent. He was able to recall the day of the week, the approximate hour of the assault, and the television program he was watching when summoned by the defendant. Although the victim was not able to remember the precise date or month, he consistently maintained the assault occurred during the spring or early summer of 1981, *i.e.* when he was eleven (11) years old. This is not a case such as *Ritchie v. State* (1962), 243 Ind. 614, 189 N.E.2d 575 (identification testimony inherently inconsistent with undisputed facts), or *Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240 (uncorroborated testimony of prosecuting witness improbable and incredible), where this Court was compelled to find the evidence insufficient to sustain the verdicts. We find that the conviction is supported by sufficient evidence.

### ISSUE V

Defendant further contends that the jury should have been given the opportunity to consider class C felony child molesting as a lesser offense, *i.e.* to find the acts occurred when the boy was older than twelve (12) but not yet sixteen (16).

■ We first agree with the State that as defined by I.C. 35–42–4–3 class C child molesting can *not* be an "inherently" or "factually" included lesser offense of the class B felony crime. The material element of the victim's age inherently separates these crimes. The victim either is or is not older than twelve (12) when the acts occur. He cannot be both.

■ However, defendant's argument goes on to claim that the class C felony lesser offense instruction should have been admitted under the doctrine of lesser "related" offenses. Broadly stated, the "related" offense doctrine holds that *if the evidence demonstrates* the defendant may have committed a lesser offense in the course of acts that led to the greater charge, even if such offense is not inherently included in the greater charge nor in the prosecutor's factual allegations of the means by which the greater crime charged was committed, and if the defendant so requests, the trier of fact should be given

the opportunity to consider the "related" lesser offense. The doctrine of "related" lesser offenses has been recognized by, among other courts, the Supreme Court of California, see *People v. Geiger* (1984), 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303; the Court of Appeals for the Ninth Circuit, see *United States v. Johnson* (9th Cir. 1980), 637 F.2d 1224 (described as "inherently related" offenses), *see also United States v. Stolarz* (9th Cir.1977), 550 F.2d 488, *cert. denied* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119; and the Court of Appeals for the District of Columbia Circuit, see *United States v. Whitaker* (1971), 144 U.S. App.D.C. 344, 447 F.2d 314.

We are aware of no Indiana case that has applied the doctrine of lesser "related" offenses and are cited to none. The doctrine clearly goes beyond the principles of "inherently" and "factually" included offenses now well-established by our case law. *E.g., Henning v. State* (1985), Ind., 477 N.E.2d 547; *Jones v. State* (1982), Ind., 438 N.E.2d 972; *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208; *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098.

More significantly, we need not here consider incorporation of the "related" offense doctrine into Indiana law because, as emphasized above, even the courts which have considered it have held that "related" offenses should not be submitted to the jury if not supported by the evidence. The same requirement now exists for instructions on lesser "included" offenses in Indiana law. *Henning*, 477 N.E.2d at 550–51; *Jones*, 438 N.E.2d at 974–76; *Lawrence*, 268 Ind. at 337–38, 375 N.E.2d at 212–13; *Roddy*, 182 Ind.App. at 175–79, 394 N.E.2d at 1110–12. *See, Geiger*, 35 Cal.3d at 525, 199 Cal.Rptr. at 53, 674 P.2d at 1311; *Johnson*, 637 F.2d at 1233–34. Therefore, in accordance with our discussion of Issue IV, we conclude that the class C felony instruction would not have been supported by the evidence.

## ISSUE VI

The trial judge sentenced defendant to a term of 20 years imprisonment, the maximum sentence for a class B felony. I.C. 35–50–2–5. Defendant argues that the statement of reasons for doing so was incomplete and not supported by the record, and that the sentence is manifestly unreasonable.

Ind.Code § 35–38–1–3 requires that if the court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: a) identification of all significant mitigating and aggravating circumstances found, b) specific facts and reasons which lead the court to find the existence of each such circumstance and c) articulation that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. *Hammons v. State* (1986), Ind., 493 N.E.2d 1250; *Jones v. State* (1984), Ind., 467 N.E.2d 681. Thoroughness and specificity in the sentencing statement facilitate meaningful appellate review. The trial court should not simply repeat statutory language. *Totten v. State* (1985), Ind., 486 N.E.2d 519; *Page v. State* (1981), Ind., 424 N.E.2d 1021.

Notwithstanding our recognition of the importance and desirability of a full and complete separate sentencing statement as described above, this Court has been willing to consider the record as a whole. *Howard v. State* (1984), Ind., 459 N.E.2d 29, 32.

In the present case, the trial court entered the following statement of aggravating circumstances:

### FINDINGS OF AGGRAVATING CIRCUMSTANCES

The Court finds that there are aggravating circumstances in this case. The Court is persuaded that although arguably the single act of molestation of the defendant's son might in fact only call for imposition of a presumptive sentence the facts of this case which disclose, and

are not denied by the defendant, that after the act of molestation of his son he encouraged a third person to participate in this depravity in his presence. Whether it was with Mr. Mahla's encouragement or not at least it was with his acquiescence. The Court finds that to be, in fact, an aggravating circumstance. Mr. Mahla now denies that he did the act on the child at age 6 as he testified. But the son did, in fact, testify under oath that the father had done this to him at a previous time. The Court further finds that indeed the defendant has no remorse for his act of molestation of his son and the Court further finds that imposition of a reduced sentence would depreciate the seriousness of the offense.

We find the conclusions in the statement to be supported by the record.

■ Defendant contends that the trial court erred in considering the "uncharged crime" of his previously molesting the victim as an aggravating circumstance. During the trial the State introduced testimony from the victim that defendant had molested him when he was six (6) years old. To support his contention that a previous "uncharged crime" may not be considered as an aggravating circumstance, defendant relies primarily upon the following language found in *Anderson v. State* (1983), Ind., 448 N.E.2d 1180, 1186:

Defendant is correct that the trial judge could not properly use uncharged crimes or the acquittals to enhance the presumptive sentences. *McNew v. State*, (1979) Ind. [271 Ind. 214] 391 N.E.2d 607.

However, the *Anderson* opinion then proceeded to find other aggravating circumstances, in addition to the uncharged crimes, which justified the enhanced sentence. The above-quoted dicta from *Anderson* incorrectly claims *McNew* as supporting authority. The opinion of this Court in *McNew* held that a sentencing court could not consider as prior criminal activity any previous charges which resulted in an acquittal. However, *McNew* expressly stated that "a judge does not err in considering prior arrests which had not been reduced to conviction in determining what sentence to impose." 271 Ind. at 221, 391 N.E.2d at 612. The issue was further addressed in *Hoelscher v. State* (1984), Ind., 465 N.E.2d 715, 717:

Our statute allows the trial judge to consider a defendant's prior "history of criminal activity" as an aggravating circumstance.... This language does not limit the court's consideration to prior felony convictions but allows courts to consider misdemeanors and other prior criminal activity which has not been reduced to a conviction but which does indicate a prior criminal history. [Citations omitted.]

In the particular area of criminal sexual abuse offenses, we have approved considering a defendant's history of sexually molesting his daughters in determining aggravating circumstances for imposing an enhanced sentence. *Kelly v. State* (1983), Ind., 452 N.E.2d 907. In the instant case, we conclude that it was not improper for the trial court to consider defendant's previous criminal activity, even though uncharged, in the determination of aggravating circumstances.

■ Defendant contends that the finding of lack of remorse is based only on his failure to testify. However, the record includes evidence that, after the acts which resulted in these charges, the defendant admitted that he was "slowly breaking [the victim] in to show him the way they do it." Defendant also then stated that his younger son "was too young to start teaching, but you can bet ... that he will be taught." Further, during the sentencing hearing defendant attempted to rationalize his actions by claiming that the victim "requested" the assault, a claim otherwise totally unsupported by the record. The evidence supports the conclusion that defendant lacked remorse for his acts.

■ Finally, because the assaults were perpetrated by a parent upon his child, followed immediately by a similar assault upon the child by another person acting at the parent's encouragement and direction, the trial court was warranted in concluding

that the offense in this case was particularly heinous and that a reduced or suspended sentence would have depreciated the seriousness of the crime.

We will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind. R.App.Rev.Sent. 2. We find that the factors cited by the trial court are supported by the record. We cannot conclude that the sentence is manifestly unreasonable.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.