Angie BOWENS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 90A04–9101–CR–7.

Court of Appeals of Indiana,
Fourth District.

Sept. 25, 1991.

Susan K. Carpenter, Public Defender, Indianapolis, Margaret Hills, Frankfort, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Angie Bowens (Bowens) appeals her conviction for Con-

tributing to the Delinquency of a Minor.[1] IND.CODE 35–46–1–8.

We reverse.

Bowens presents the following issues for our review:

1. whether the State failed to prove Bowens was eighteen years of age or older, as required by I.C. 35–46–1–8;

2. whether there was a material variance between the offense alleged and the State's evidence at trial, denying Bowens a fair trial;

3. whether sufficient evidence exists to sustain her conviction.

Because we reverse, we discuss only the issue dispositive of this appeal.

On April 5, 1990, fourteen year old A.B., who had a history of truancy, did not go to school. Wells County Probation Officer Stephen Jarrell (Jarrell) and Vicki Gerber (Gerber) responded to the school's call and visited A.B.'s home. Bowens, whom Jarrell previously had supervised on informal probation for truancy, eventually answered the door and told Jarrell she did not know where A.B. was. Bowens also said A.B. left the house that morning and she had not seen her since 8:00 a.m. Bowens then opened the door, and Jarrell and Gerber entered the home. Inside, a young child indicated he had seen A.B. and pointed to a cupboard under the sink. Jarrell opened the door and found A.B. under the sink in her pajamas.

After A.B. dressed, Jarrell and Gerber took her to school. En route, Jarrell asked A.B. whose idea it was to hide under the sink. A.B. said it was Bowens's idea. Bowens was charged with Contributing to the Delinquency of a Minor, a class A misdemeanor.

At trial, A.B. admitted making the above statement, but denied its truth. After a trial to the bench, the court found Bowens guilty as charged, then sentenced her to a suspended one year prison term, and placed her on probation for one year. Bowens appeals.

Additional facts as necessary appear below.

Bowens contends the State failed to present any evidence she was eighteen years of age, which is an element of the offense of contributing to the delinquency of a minor. IC 35–46–1–8. Thus, she maintains the evidence is insufficient to support her conviction. She relies on *Stone v. State* (1942), 220 Ind. 165, 41 N.E.2d 609, to support her position. The State acknowledges *Stone* but cites to *Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, and *Davidson v. State* (1968), 249 Ind. 419, 233 N.E.2d 173. It argues age is a question for the trier of fact, and may be proven by circumstantial evidence.

In *Stone*, our supreme court reversed the defendant's conviction for contributing to the delinquency of a child. The statute under which Stone was convicted applied only to adults, which were defined as persons eighteen years of age or older. *Stone*, 41 N.E.2d at 610–611. In reversing the conviction, the supreme court stated

> The age of the appellant is not disclosed by the evidence, although it may be surmised that she was a young girl, and of the approximate age of eighteen years. The statute, if it is valid, applied only to adults. The affidavit would not state an offense unless it alleged, as it does, that the defendant is an adult. *What must be alleged must be proven, and there is no proof of the appellant's age....* (Emphasis added). *Id.*

The cases cited by the State are inapposite. In *Altmeyer*, our supreme court affirmed the defendant's convictions for child molesting and attempted child molesting, crimes which require proof the defendant was 16 or older at the time of the crime. The court found Altmeyer's trial testimony he was married and had an eleven year old son to be sufficient evidence he was over sixteen years old when the attacks occurred.

*Davidson, supra,* is also distinguishable from the present case. In *Davidson*, the defendant was convicted of three counts of contributing to the delinquency of a minor. In affirming his convictions, our supreme

---

1. Bowens is A.B.'s older sister.

court considered whether the defendant knew or ought to have known the person in question was underage. The court determined this to be a question for the trier of fact who has before it the evidence and appearance of the prosecuting witness or child involved. Additionally, there was other evidence of the prosecuting witness's age for the jury to consider.

Here, there is no direct evidence in the record proving Bowens's age. The State points to Jarrell's negative answer to the question, "Were there any other adults in the house at the time?," as evidence of Bowens's adult status. Although her answer is some evidence on that subject, it amounts to only a scintilla of evidence, and thus, is insufficient to support the trial court's judgment. One of this Court's functions is to determine whether evidence of guilt is substantial and of probative value. More than a mere scintilla of evidence is required to achieve that status. *Short v. State* (1991), Ind.App., 564 N.E.2d 553, 557. Under *Stone*, the State must prove the defendant's age by substantial evidence of probative value. Because the State failed to do so, as required by statute, we must reverse.

Reversed.

CHEZEM and BAKER, JJ., concur.