Michael G. BARGER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9008–CR–488.[1]

Court of Appeals of Indiana,
First District.

Oct. 7, 1991.

F. Allen Tew, Jr., Indianapolis, for appellant-defendant.

Jeffrey Modisett, Pros. Atty., Carol J. Orbison, Deputy Pros. Atty., Office of the Pros. Atty. of Marion County, Linley E. Pearson, Atty. Gen., Julie L. Ezell, Deputy

---

**1.** This case was reassigned to this office on May 8, 1991.

Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

## OPINION ON REHEARING

ROBERTSON, Judge.

We reversed Barger's conviction of child molesting as a Class D felony holding that the State failed to present sufficient evidence of probative value on the essential element of the purported victim's age to establish Barger's conviction beyond a reasonable doubt. *Barger v. State,* (1991), Ind.App., 576 N.E.2d 621. The State has filed this petition for rehearing asserting that our decision is erroneous in four (4) respects. Since none of the State's assertions have merit, we deny the State's petition.

### I.

### SUFFICIENCY OF THE EVIDENCE

As its first allegation of error, the State asserts:

> The opinion of the Court erroneously and materially misstates the record as it relates to the time of the occurrence, in that it relies solely on the testimony of the alleged victim and omits critical testimony of other witnesses, to wit, Steve Amos, Shannon VanBuskirk, Diane McKay, Tom McKay, and Joni Chenoweth.

The State has provided no analysis or citation to the record in support of this argument. We note that the present petition is the third (3rd) opportunity the State has had to provide us with analysis and/or citation to the record to support its assertion that the evidence supporting Barger's conviction is sufficient. The State has failed to demonstrate the sufficiency of the evidence in its brief on direct appeal, during oral argument, and in this petition for rehearing. We observe that the prosecutor bringing this petition has provided more analysis on this issue to the newspaper than he has to this Court.

Understanding the well-settled standard of review for the sufficiency of the evidence, we diligently searched the record for evidence to support Barger's conviction before issuing our decision on direct appeal. We held oral argument on this case with express instructions that this issue was the subject of our concern. Nevertheless, in this opinion on rehearing, we will analyze the evidence most favorable to the State together with the reasonable and logical inferences to be drawn therefrom with special emphasis on the testimony of the witnesses listed by the State above.

At the outset, we note that our perception of the evidence in the light most favorable to the verdict is consistent with that of the State as expressed in its brief on direct appeal and at oral argument. The purported victim testified that she was molested by Barger when she was eleven (11) or twelve (12) years old. (R.p. 248) She testified that the molestation occurred "between January and February" of the 1987–1988 school year during the cold months after Christmas. (214, 215) She turned twelve (12) years old on February 22, 1988. (R.p. 210)

The purported victim testified repeatedly that she made two (2) visits to Barger's office during the 1987–1988 school year to complain about another student named Steve Amos who was teasing her. (R.p. 213, 218, 219, 239, 240, 241) She testified that she went to see Barger alone on one occasion and went in the company of two other girls (one of whom was Shannon [VanBuskirk]) on another occasion. (R.p. 218, 219) She testified that Barger molested her during the visit she made alone to his office. (R.p. 216, 217) She testified that immediately after the molestation, Barger called Amos into the office and Amos apologized to her for teasing her. (R.p. 218) The purported victim testified that during the other visit to Barger's office (made in the company of Shannon and the other girl), Amos was again called down and was confronted by Barger and the three girls. (R.p. 219)

Shannon VanBuskirk testified that she was the purported victim's friend and was in the same class at school as the purported victim. (R.p. 251) Shannon testified that the purported victim reported the alleged molestation to her approximately a year

after it had allegedly occurred. (R.p. 255, 256) Shannon testified that she accompanied the purported victim and the other girl on a visit to Barger's office during which Amos was present. (R.p. 252, 253) Shannon testified that the purported victim told her the alleged molestation took place during a different visit (a visit that Shannon did not know about before the purported victim reported the molestation) made by the purported victim to Barger's office. (R.p. 255) Shannon's testimony fails to indicate when any alleged visit to Barger's office took place.

■■■ Steve Amos testified that he was called down to Barger's office on one occasion and confronted by Barger, the purported victim, Shannon, and the other girl. (R.p. 268) Amos testified that this office visit took place in the springtime. (R.p. 269) In order to link Amos' "springtime" evidence to the molestation to conclude that the purported victim was at least twelve (12) years old at the time of the alleged molestation, the jury would have had to 1) disregard the purported victim's and Shannon's testimony that the purported victim made two (2) visits to Barger's office, and 2) disregard the purported victim's testimony, Shannon's testimony, and Amos' testimony that Shannon and the other girl were present during the one visit to Barger's office. In our review of the sufficiency of the evidence, we consider only the evidence most favorable to the State, together with all reasonable and logical inferences which may be drawn therefrom. *Dixon v. State* (1981), Ind.App., 425 N.E.2d 673. Considering the evidence in the light most favorable to the State, we have concluded that the jury could not have reason-

ably and logically drawn the inference that Amos' "springtime" visit to Barger's office was the visit during which the purported victim was molested. Therefore, as we concluded on direct appeal, Amos' testimony provides absolutely no evidence regarding the age of the purported victim at the time of the alleged molestation.[2]

Diane McKay testified that the purported victim told her about a visit to Barger's office during which Amos was confronted. (R.p. 310) Diane McKay's testimony does not indicate when this, or any other, office visit took place.

The testimony of Tom McKay and Joni Chenoweth provides no evidence with regard to any visit made by the purported victim to Barger's office or the time of any alleged molestation.

## II.

The State next asserts:

The opinion of the Court contravenes a ruling precedent of the Court of Appeals, in that it has invaded the province of the jury by reweighing the evidence, and has failed to consider *all* of the evidence most favorable to the State, together with all reasonable and logical inferences which may be drawn therefrom. *Dixon v. State* (1981), Ind.App., 425 N.E.2d 673.

In *Dixon*, we stated our well-settled standard of review for the sufficiency of the evidence as follows:

When considering sufficiency challenges on appeal, we will not invade the province of the jury by weighing the evidence or judging witnesses' credibility. Our review is confined to considering only the evidence most favorable to the State, together with all reasonable

2. Even if we were to conclude that Amos' "springtime" evidence provided some evidence on the subject of the purported victim's age at the time of the alleged molestation, Amos' "springtime" evidence would amount to only a scintilla of evidence, insufficient to support Barger's conviction. *Bowens v. State* (1991) Ind. App., 578 N.E.2d 377. In *Bowens*, we reversed the defendant's conviction of contributing to the delinquency of a minor because the State failed to prove the defendant was at least eighteen (18) years old as required by the statutory definition of the offense, IND.CODE 35–46–1–8. In *Bow-*

*ens*, we held the probation officer's negative answer to the question, 'Were there any other adults in the house at the time?' constituted a mere scintilla of evidence that the defendant was eighteen (18) years old at the time of the alleged offense, insufficient to support the conviction. *Id.* (pp. 378–79, 379). Similarly, that Amos' "springtime" visit to Barger's office *may have* taken place the same day as the alleged molestation constitutes a mere scintilla of evidence that the purported victim was twelve (12) years old at the time of the alleged molestation, insufficient to support Barger's conviction.

and logical inferences which may be drawn therefrom, in order to determine whether each element of the alleged offense has been proved beyond a reasonable doubt. The verdict will not be disturbed on the basis of insufficient evidence unless there is an absence of substantial probative evidence upon a material element of the offense, or the evidence is without conflict and leads to but one reasonable conclusion, which is contrary to the conclusion reached by the trier of fact.

425 N.E.2d at 674, 675 (Citations omitted).

In the present case, the evidence most favorable to the verdict indicates the purported victim was *either* eleven (11) *or* twelve (12) years old at the time of the alleged offense. As such, the evidence was entirely *equivocal* with regard to Barger's guilt of child molesting as a class D felony. The evidence indicates only that Barger *may have committed* the crime of child molesting as a class D felony as the jury was required to speculate (or guess) that the purported victim was twelve (12) years old and not eleven (11) at the time of the alleged offense.

■ When the uncorroborated testimony of the purported victim is at best equivocal with regard to the ultimate question of guilt, we must hold, as a matter of law, that the conviction cannot stand. *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658. The function of an appellate court in a criminal appeal is to determine whether or not evidence of guilt is substantial and of probative value, which requires more than a mere scintilla of evidence. *Bowens v. State* (1991) Ind.App., 578 N.E.2d 377. Evidence which only tends to support a conclusion of guilt is insufficient to sustain a conviction, as evidence must support the conclusion of guilt beyond a reasonable doubt. *Vuncannon v. State* (1970), 254 Ind. 206, 258 N.E.2d 639.[3]

■ Contrary to the State's assertion, we did not invade the province of the jury by reweighing the evidence in this case.

Nor do we believe we have failed to consider *all* the evidence. In vain, we have conducted several exhaustive searches of the record for any evidence supporting Barger's conviction. Moreover, the State has not directed our attention to any evidence that we have failed to consider. Our review of the record indicates that no substantial evidence of probative value supports the conclusion that the purported victim was at least twelve (12) years old at the time of the alleged molestation as required in a prosecution of class D felony child molesting. Therefore, we reversed the jury's verdict upon this finding of an absence of substantial probative evidence upon a material element of the offense consistent with our standard of review as enunciated in *Dixon*, 425 N.E.2d 673 (set out above). When the record is devoid of evidence on an essential element of an offense, an acquittal must be directed. *Suits v. State* (1983), Ind.App., 451 N.E.2d 375.

### III.

■ The State next asserts:

The opinion of the Court correctly follows the ruling precedent of *Mahla v. State*, (1986), Ind., 496 N.E.2d 568, that as defined by IND.CODE 35–42–4–3 class C (or D) child molesting cannot be an inherently or factually included offense of the class B (or C) felony, but such ruling precedent is in need of clarification or modification.

In *Mahla*, the defendant contended that the jury should have been given the opportunity to consider class C felony child molesting as a lesser included offense of class B felony child molesting; that is, to find that the acts occurred when the child was older than twelve (12) but not yet sixteen (16). Our supreme court rejected this argument holding:

We first agree with the State that as defined by I.C. 35–42–4–3 class C child molesting can *not* be an 'inherently' or 'factually' included offense of the class B felony crime. The material element of

---

**3.** Incidentally, Barger's conviction is not supported by even a preponderance of the evidence. Evidence of an inherently equivocal nature ("either or" evidence) is a fifty-fifty (50–50) proposition and cannot establish proof by a preponderance.

the victim's age inherently separates these crimes. The victim either is or is not older than twelve (12) when the acts occur. He cannot be both.

496 N.E.2d at 573 (Emphasis in original).

Frankly, we cannot imagine how our supreme court could have been more clear with regard to its holding as set out above that molestations of children between the ages of twelve (12) and sixteen (16) are not lesser included offenses of molestations of children under the age of twelve (12). Moreover, it requires no citation to precedent that we are bound by our supreme court's decisions and lack the authority to modify or overturn *Mahla* or any other supreme court decision.

### IV.

Finally, the State asserts:

The decision of the Court involves a legal and factual issue of unique interest and substantial public importance, in that it erroneously excludes from protection of the law (IND.CODE 35–42–4–3) a child recognized by the Court to be a victim of child molestation and who was well under the age of 16 at the time of the offense.

It would appear that the State is complaining about the "age dividing line imposed by the General Assembly in defining the offense" of child molesting in I.C. 35–42–4–3. *Barger*, 576 N.E.2d at 623. Again the State seeks redress in the wrong forum.

### CONCLUSION

We would like to take this opportunity to observe the importance of the constitutional requirement that criminal convictions be supported by evidence of guilt beyond a reasonable doubt. The United States Supreme Court stated in *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368:

The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a Nation. The "demand for a higher degree of persuasion in criminal cases was recurrently expressed from ancient times, [though] its crystallization into the formula "beyond a reasonable doubt" seems to have occurred as late as 1798. It is now accepted in common law jurisdictions as the measure of persuasion by which the prosecution must convince the trier of all the essential elements of guilt." Although virtually unanimous adherence to the reasonable-doubt standard in common-law jurisdictions may not conclusively establish it as a requirement of due process, such adherence does "reflect a profound judgment about the way in which law should be enforced and justice administered."

Expressions in many opinions of this Court indicate that it has long been assumed that proof of a criminal charge beyond a reasonable doubt is constitutionally required. Mr. Justice Frankfurter stated that 'it is the duty of the Government to establish * * * guilt beyond a reasonable doubt. This notion—basic in our law and rightly one of the boasts of a free society—is a requirement and a safeguard of due process of law in the historic, procedural content of "due process." ' In a similar vein, [the United States Supreme Court has stated], that 'guilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.'

\*   \*   \*   \*   \*   \*

The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose

'enforcement lies at the foundation of the administration of our criminal law.'

* * * * * *

The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interest of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction. Accordingly, a society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt.

* * * * * *

Moreover, use of the reasonable-doubt standard is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned. It is also important in our free society that every individual going about his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with utmost certainty.

Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

397 U.S. at 361–364, 90 S.Ct. at 1071–1072 (Citations omitted).

We reversed Barger's conviction upon our determination that the State failed to establish Barger's guilt of child molesting as a class D felony beyond a reasonable doubt. We are shocked to learn on this, the year we celebrate the bicentennial of our Bill of Rights, certain public officials can characterize our action as a reversal on a mere 'technicality.' Such an attitude con-

cerning this bedrock axiomatic and elementary principle, which lies at the foundation of the administration of our criminal law, impresses us as evincing intellectual disingenuousness.

Petition denied.

SHIELDS and MILLER, JJ. concur.